## THE STATE ex rel. SMITH VS. THE COMMISSIONERS OF SCHOOL AND UNIVERSITY LANDS.

Where lumber unlawfully cut from school land *before* its sale by the state, has been seized by the commissioners, a person who holds the certificate of a *subsequent* sale of the land, though not himself the trespasser, is not entitled, under sec. 5, chap. 233, Laws of 1864, to obtain the lumber and full title to the land by bidding (at a sale of the lumber to be made by the commissioners) the amount due the state on the land together with the expenses of seizure and sale; nor is he entitled to a *mandamus* to compel the commissioners to make the sale.

APPLICATION for a *Mandamus.*

The relator, *Frederick H. Smith,* asked for a *mandamus* to compel the respondents to revoke a certain order issued by them, releasing to one Eldridge Smith certain material which had been cut by him on a forty acre tract of school land, specified in said order; and also to compel them to seize and sell said property and allow the relator, at such sale, to bid the amount due the state for the land and the expenses of the seizure and sale, and upon the making of such bid to strike off the property to him. The facts alleged as the ground of this relief will appear from the opinion. The respondents moved to quash the alternative writ.

*Winfield Smith,* attorney general, for the motion.

*Whittemore & Weisbrod, contra.*

*By the Court,* DOWNER, J. The defendants move the

court to quash the alternative writ of *mandamus* issued in this case, for the reason that the relator never had any interest in the timber in question. The material facts set out in the writ are, in brief, that on the 16th day of May, 1864, Anson Ballard, purchased of the commissioners of school and university lands the S. E. qr. of the N. W qr. of sec. 5, T. 26., R. 15, paid a part of the purchase money, and received of the commissioners the usual certificate of sale; that on the 12th of July, 1864, Ballard assigned and delivered the certificate to the relator, who still owns it; that in the fall of 1863, there was growing on the land a large quantity of valuable pine timber, and Ballard believed the timber was still on it when he purchased the land of the state; but in fact previous to that time it had been cut and removed therefrom by a trespasser, and in June, 1864, the commissioners seized and advertised it for sale at public auction, but have since refused to proceed and sell it. The relator seeks to compel them to make the sale, claiming that he, as holder of the certificate, has a right under the provisions of sec. 5, chap. 233, Laws of 1864, by bidding at the sale the amount due on the certificate and the expenses of seizure and sale of the timber, to have the same struck off to him, and that for that sum he can thus perfect his title both to the land and the timber severed from the land before the date of the certificate.

Section 5 provides that if the land on which the trespass is committed is owned by the state, the trespasser may purchase the land by paying the minimum price and fifty per cent. in addition thereto; if the person owning the certificate of purchase is the trespasser, he may have a patent on paying the amount due on the certificate and twenty five per cent. in addition thereto. In each case the commissioners, on receiving the pay for the land, are required to release to the person paying, the timber or lumber cut by him thereon as a trespasser, and discontinue any suit commenced, without costs to the state; provided no one should be allowed to pay for the land

but the holder of the certificate in cases where it had been previously sold by the state.   Then follows the proviso under which the relator claims, which is as follows:   "*And provided further*, that in all cases where the sale of property is made under the provisions of this act or the one to which this is amendatory, the person or persons owning the certificate or certificates, and not being the trespasser, shall have the right to bid at such sale the amount due to the state for such land, and the expenses of seizure and sale, the amount of which shall be stated at the sale by the person authorized to sell; and when such bid is made, it shall be the duty of the person making the sale to strike off the property to such bidder or bidders."   It appears to us that this proviso relates entirely to lands for which certificates of sale had been issued before the trespass was committed, and provides that the holder of the certificate (not being himself guilty of any trespass) shall be fully protected in his rights.   The state in this case owned the land when the timber was removed from it and thereby made personal property.   To pass the title of this personal property to the person purchasing the land after the timber cut thereon was removed therefrom, the statute should be clear and unambiguous to that effect.   There is such clear provision where the trespasser himself purchases and pays the fifty per cent. penalty, but none where any other person does.   To give any other person the privilege of purchasing the land at the minimum price, and thereby acquire, as an incident to the purchase, title to the timber removed before his purchase, would be to allow the trespasser indirectly to reap the benefit of his stealing, and avoid the fifty per cent. penalty by purchasing the land through a third party.   The statute, it seems to us, carefully guards against any such act.

The motion to quash is sustained.