D. M. DOUGLASS, Appellee, v. JOHN HANNAH *et al.*,
Appellants.

**Conveyance in Fraud of Creditors**: NEGOTIABLE PAPER: NOTICE.
A conveyance of real estate by an insolvent debtor to one of his
sons in consideration of his promissory note for the purchase price,
which note is transferred by the father before maturity to another
son, will, in the absence of evidence that the holder of the note
paid value therefor, be deemed fraudulent and void as to existing
creditors.

*Appeal from Mills District Court.*—HON. GEORGE
CARSON, Judge.

TUESDAY, OCTOBER 28, 1890.

ACTION in chancery by creditors' bill. There was a
decree granting the relief prayed for by plaintiff. The
defendant and an intervenor appeal.

*L. T. Genung* and *W. S. Lewis*, for appellants.

*Shirley Gilliland* and *H. C. Watkins*, for appellee

BECK, J.—The plaintiff recovered judgment against
W. F. Hannah & Co. and John Hannah. Before the
judgments were rendered, John Hannah conveyed
eighty acres of land to A. J. Hannah. Plaintiff alleges
that this conveyance was without consideration, and
was made to defraud plaintiff, and prevent the collec-
tion of his claim against defendants in the judgments.
L. Bently, L. H. Dalhoff & Co. and Anderson, Lewis
& Co., who had recovered judgments against defendants,
intervened, alleging that the conveyance by John
Hannah was fraudulent, and executed to defeat them
and other creditors. A. J. Hannah, after the filing of
the petitions of plaintiff and intervenors, died, and his
administratrix was substituted as a party, and answered
the petitions in this case, denying all the allegations

thereof. L. C. Hannah intervened, showing that he was the holder of a note payable to bearer, given by A. J. Hannah for the purchase of the land from John Hannah. He alleges that he purchased the note before maturity for a valuable consideration, and without notice of any equity therein, or of any fraud connected therewith. These pleadings were all denied by the adverse parties.

The questions involved in the case, upon all the issues, are wholly of fact, and demand discussion at no length. The evidence leads the mind to the conclusion that the defendants and the intervenor, L. C. Hannah, who were father and sons, resorted to the expedients of the sale of the lands, the taking of a negotiable note therefor, and the transfer thereof to one of the sons, in order to defeat the judgment creditors who are parties to this suit. That the son to whom the land was conveyed, and the other to whom the note was transferred, had knowledge of the fraudulent purpose of their father cannot be doubted. The note given for the consideration for the land was assigned to L. C. Hannah, and it is not shown that he paid one cent for it, and we are authorized to infer that he did not. Surely a transaction of this character between parties having knowledge of its fraudulent purposes cannot defeat honest creditors.

It is our opinion that the decree of the district court ought to be AFFIRMED.