Argued September 5, affirmed September 26, rehearing denied October 24, 1916.

## FOREMAN *v.* SCHOOL DISTRICT NO. 25.

(159 Pac. 1155, 1168.)

**Schools and School Districts—Teachers—Discharge—Statute — "But."**

1.    Laws of 1913, page 304, Section 1, subdivision 22, provides that the board shall dismiss teachers only for good cause shown, and if it passes an order to dismiss, the material reason therefor shall be spread on the record by the district clerk.    Subdivision 23 provides that a teacher unjustly dismissed may take an appeal from the board's action to the county superintendent, and thence to the superintendent of public instruction, but for a breach of contract of teaching the teacher or the district shall have their ordinary legal remedies, and that on the trial of a teacher the board, etc., shall give him notice of charges and an opportunity to be heard; and subdivision 7 requires a written contract of hiring to be made and filed specifying wages, etc.    Section 3950, L. O. L., authorizes the state board of education to make general rules, one of which required teachers to inculcate correct principles of morality and a proper regard for the government, and Section 4057 required the board to provide a United States flag. Plaintiff, having a written contract to teach, and who taught disloyalty to the government and a disbelief in God, and who failed to fly the national flag provided by the board, after a refusal to obey the school directors' instructions, was dismissed.    *Held*, in her action for salary under the contract, that the term "but for a breach of contract of teaching the teacher or the district shall have their ordinary legal remedies" did not limit the power to dismiss to breaches of the contract of teaching, and that it extended also to acts rendering a teacher undesirable; the word "but" limiting or restraining the effect of something which has before been said, and indicating that what follows is an exception to that which has gone before, and not controlling that which follows it.

**Schools and School Districts—Teachers—Dismissal—Notice.**

2.    Under such subdivision 22, a minute of dismissal having been made upon a piece of paper, the board action was not defeated, where it was so made because its clerk was sick, on which account it was not entered in the district clerk's record-book.

[As to authority, duties, liabilities and powers of school teachers, see notes in 76 Am. Dec. 164; 102 Am. St. Rep. 507.]

Appeal and Error—Reversal—Constitutional Provision.

3.   Where the jury made no mistake in returning a verdict for the school district in a teacher's action for a balance due under a teaching contract, the judgment will be affirmed as required by Article VII, Section 3 of the Constitution, as amended, notwithstanding any errors that may have been committed during the trial.

From Columbia: JAMES A. EAKIN, Judge.

Department 1.   Statement by MR. JUSTICE HARRIS.

This is an action by Flora I. Foreman against School District No. 25, of Columbia County, Oregon.

The plaintiff and the directors of school district No. 25 of Columbia County agreed in writing "that the said Flora I. Foreman is to teach the public school of district No. 25 for the time of eight months" for $85 per month, "commencing on the first day of September, 1913, and for such services lawfully and properly rendered the directors of said district are to pay to said Flora I. Foreman the amount that may be due according to this contract, on or before the eighth day of May, 1914." After the plaintiff had taught about two months charges against her were filed with the school board, but she was exonerated after a hearing.   Some of the patrons of the school were dissatisfied, and caused a recall election to be held on March 21, 1914, for the purpose of unseating some of the directors.   Immediately after the election a meeting of the directors was held, and "it was voted to go to the schoolhouse in a body Monday, the 23d of March, and give rulings and instructions to the teachers in regard to their conduct, and it was also decided that, if they do not promise to obey, to give them five days in which to resign."   The plaintiff refused to obey the "rulings and instructions" which the directors attempted to give, and because of such refusal she was notified in writing that her contract "has been and is

canceled and abrogated to take effect from and after
Friday, March 27, 1914.'' The plaintiff presented
herself at the schoolhouse on Monday, March 30th, but
the directors refused to permit her to continue teach-
ing. The plaintiff was paid in full for the first seven
months provided for in the contract, and she is now
attempting to recover $85, which is the amount she
would have received if she had been permitted to teach
until the end of the period specified in the contract.
The complaint recites the contract, alleges that the
plaintiff taught seven months, but was then wrong-
fully dismissed, and not permitted to teach the eighth
month, and concludes with a demand for a judgment
for $85.

The answer admits that the teacher was dismissed,
and explains the dismissal by alleging that the plain-
tiff taught her pupils ''principles of anarchy and dis-
loyalty to their government, among other things, that
the government under which she and they live 'is rotten
to the core' ''; that she also taught her pupils ''that
there is no God, and that Jesus Christ is not the Son
of God; and that the plaintiff during the entire seven
months that she taught under her contract set forth
in her complaint performed such services as she ren-
dered in an unlawful and improper manner and in
such a way as to disrupt the school and the entire com-
munity—which several and many acts of misconduct
on her part resulted in numerous and frequent
breaches of her contract on her part and made it neces-
sary and the duty of the defendant school board to
discharge the plaintiff as such teacher.''

A jury trial resulted in a judgment for the defend-
ant, and the plaintiff has appealed.

AFFIRMED.   REHEARING DENIED.

For appellant there was a brief and an oral argument by *Mr. Albert Streiff*.

For respondent there was a brief and an oral argument by *Mr. Glenn R. Metsker*.

MR. JUSTICE HARRIS delivered the opinion of the court.

1, 2. The important problem presented by this litigation arises out of two subdivisions of Section 1, Chapter 172, Laws of 1913, and for that reason both subdivisions are here set down in full:

Subdivision 22. "The board shall dismiss teachers only for good cause shown, and in case the board shall pass an order to dismiss, the material reason therefor shall be spread upon the record by the district clerk."

Subdivision 23. "If a teacher is unjustly dismissed, he may take an appeal from the action of the board in dismissing him to the county superintendent and thence to the superintendent of public instruction, but for a breach of contract of teaching the teacher or the district shall have their ordinary legal remedies. In the trial of a teacher, when it is sought to dismiss him, as above provided, the board, the county superintendent, or the state superintendent, as the case may be, shall give the teacher due and legal notice of the charges against him and an opportunity to be heard in his own defense in person or by attorney."

The plaintiff takes the position that the dismissal of a teacher is wrongful, unless (1) charges are made with notice and an opportunity for a hearing, and (2) for good cause shown; that the existence of one element alone does not justify the dismissal of a teacher; and that therefore, even though a teacher is discharged, for "good cause," the dismissal is nevertheless wrong-

ful, and is not a defense unless it has been preceded by the filing of charges, the giving of notice, and an opportunity to be heard. The defendant argues, however, that if a teacher breaches any of the terms of the contract of teaching, then the school board has the power summarily to dismiss the teacher. When examining this statute to ascertain which contention is correct, it must be borne in mind all the while that, "where there are several provisions or particulars, such construction is, if possible, to be adopted as will give effect to all" (Section 715, L. O. L.), and that, "when a general and particular provision are inconsistent, the latter is paramount to the former" (Section 716, L. O. L.).

The words "but for a breach of contract of teaching the teacher or the district shall have their ordinary legal remedies," found in the first sentence of subdivision 23 of Section 1, Chapter 172, Laws of 1913, have brought about the variant contentions made by the litigants concerning the effect of the statute. If the quoted words had been omitted, then a dismissal for any cause whatsoever would be wrongful in the absence of charges, notice and an opportunity to be heard: *School Dist.* v. *McComb,* 18 Colo. 240 (32 Pac. 424); *Hull* v. *Independent Dist. of Aplington,* 82 Iowa, 686 (46 N. W. 1053, 48 N. W. 82, 10 L. R. A. 273); *People ex rel.* v. *Board of Education,* 174 N. Y. 169 (66 N. E. 674); *Kellison* v. *School Dist.,* 20 Mont. 153 (50 Pac. 421); *Butcher* v. *Charles,* 95 Tenn. 532 (32 S. W. 631); *Arnold* v. *School Dist.,* 78 Mo. 226; *Richards* v. *School Dist. Board,* 78 Or. 621 (153 Pac. 482, L. R. A. 1916C, 789). The language employed by the statute is broad and sweeping, and includes more than mere breaches of the contract of teaching. The words "but for a breach of contract of teaching the teacher or the dis-

trict shall have their ordinary legal remedies'' of necessity imply that the power to dismiss is not limited to breaches of the contract of teaching; and therefore the statute includes delinquencies which may with propriety be divided into two classes: (1) Acts which breach the contract of teaching; and (2) acts which render a person objectionable or undesirable as a teacher, although the contract of teaching is not breached.

When the school board hires a teacher, a written contract must be made and filed specifying ''the wages, number of months to be taught, and time employment is to begin, as agreed upon by the parties,'' and, ''unless otherwise provided in the teacher's contract, it shall be understood that the branches provided' for in the state course for the first eight grades shall be taught excepting school law and theory and practice of teaching'': Subdivision 7, Section 1, Chapter 172, Laws 1913. The state board of education, in the exercise of the powers conferred upon it by Section 3950, L. O. L., among other rules and regulations for the general government of public schools, has prescribed rule XXX which commands that ''teachers in the public schools shall, to the utmost of their ability, inculcate in the minds of their pupils correct principles of morality, and a proper regard for the laws of society, and for the government under which they live'': Oregon School Laws 1913, Compiled by J. A. Churchill, Superintendent of · Public Instruction, p. 171. The contract of teaching is made with reference to the provisions of the statute, so that the contractual obligations of the teacher are not necessarily limited to the words found in the written contract, and therefore the contract of teaching includes not only the duties enumerated by the written paper,

which for convenience is called the contract, but it also embraces those duties which are imposed under a then existing statute; and if the teacher breaches this contract of teaching, one of the ordinary legal remedies available to the school board, unless some statute declares to the contrary, would be found in the right summarily to discharge the teacher: 26 Cyc. 987.

Assuming, but not deciding, that moral misconduct outside the schoolroom will generally of itself be sufficient to terminate the contract of teaching (26 Cyc. 990), it would nevertheless not be difficult to go further and suggest many acts which, when done outside the schoolroom by the individual, as distinguished from the teacher, would not constitute a breach of the contract of teaching, and yet would be so objectionable that the individual might no longer be desirable as a teacher. For the misconduct of the teacher as such there always has been a legal remedy, but generally for what is done by the individual outside the schoolroom not amounting to a breach of the contract there is ordinarily no legal remedy in the absence of legislation. For the purpose of protecting the public schools, the power to dismiss has therefore been enlarged, and at the same time, for the purpose of protecting the teacher, a mode has been prescribed for the exercise of the enlarged power, so that the school district now has a remedy for a class of misdoings where before no relief was ordinarily available, and the teacher is at the same time afforded ample protection; and consequently an act may now be "good cause" for a dismissal under the statute notwithstanding no legal remedy existed before the statute. Having in mind the two classes of delinquencies, the rights arising out of them, and the remedies existing or created for them, and following the guidance offered

81 Or.—38

by Sections 715 and 716, L. O. L., the statute should be construed to mean that charges must be made and notice and an opportunity for a hearing given, before a teacher can be discharged for an act which does not amount to a breach of the contract of teaching; but for a breach of the contract of teaching the teacher may be dismissed summarily without a hearing because for that breach, in the words of the statute itself, the board shall have the "ordinary legal remedies," and the right of summary dismissal was ordinarily a legal remedy which was available before the statute was enacted.

Text-writers and precedents also support this conclusion. When the word "but" is used as an adversative conjunction, and is employed to fill the position where it is found in the first sentence of subdivision 23 of the statute, the term may limit or restrain the effect of something which has before been said and to indicate that what follows is an exception to that which has gone before (1 Words and Phrases, 926; 1 Words and Phrases (2 ser.), 540; 6 Cyc. 261; *Mansfield* v. *Hill*, 56 Or. 400, 411 (107 Pac. 471, 108 Pac. 1007); and therefore what is said before the word "but" does not control that which follows it: *Western Union Tel. Co.* v. *Harris* (Tenn. Ch. App.), 52 S. W. 748.

The conclusion already announced is still further fortified if the examination of the statute is continued. Limiting our view to subdivisions 22 and 23, it will be seen that no mention is made of an appeal by the board or the person making charges against a teacher. Assume that a teacher cannot be dismissed for a breach of the contract of teaching without a hearing, and suppose that after a hearing the board dismisses the teacher, but upon appeal the county superintend-

ent reverses the finding made by the board; then what effect does the finding of the county superintendent have? Can the school board appeal? Subdivision 23 does not say so, although it does permit the teacher to appeal. Does the finding of the county superintendent bind the school board if in truth the teacher has breached the contract, when no appeal by the board is mentioned, and the statute expressly states that for a breach of the contract both the teacher and the board shall have their ordinary legal remedies? The ordinary legal remedy for a breach of a contract of hiring is to discharge the person hired, and the hirer can utterly defeat an action for damages, by pleading and proving the breach and the dismissal.

The plaintiff contends that the board could not dismiss her unless the reason for the dismissal is spread upon the record by the district clerk as required by subdivision 22. Before notifying the plaintiff of the termination of the contract of teaching, the directors held a meeting and duly ordered the dismissal, and, according to the testimony of one of the directors:

"That minute was made on different paper because our clerk was sick, and she wasn't fit to be up, and Mr. Joe Lumijarvi wrote down the minutes."

If a minute of the dismissal was actually made upon a piece of paper, the plaintiff cannot defeat the action of the board merely because the clerk was sick, and on that account the minutes of the meeting were written on a piece of paper instead of in the district clerk's record-book.

It is not necessary to determine just what acts of misconduct on the part of the teacher or by the individual as distinguished from the teacher constitute a breach of the contract of teaching, because a breach of the contract was shown by the submission of ample

evidence in support of the allegation that the plaintiff taught her pupils "disloyalty to their government, among other things, that the government under which she and they live 'is rotten to the core.' '" A rehearsal of the evidence could only be a recital of bitter contentions and distracting disturbances. Within two months of her coming charges were made against the plaintiff. After her acquittal one of the directors resigned, and subsequently another was recalled, and on March 30th a serious disturbance occurred at the schoolhouse when the plaintiff and her followers clashed with the school directors. When the directors went to the schoolhouse on March 23d to "give rulings and instructions" to the plaintiff, she said, "I teach as I darn please." The national flag was not flown a single day while the plaintiff occupied the position of teacher, although the board had provided a United States flag in compliance with Section 4057, L. O. L.; and an index of her conduct is furnished by the testimony of one of the directors, who stated that another director told the plaintiff, "You better raise up the flag," and she says, "I won't do it; if you want the flag, you hoist it up yourself."

3. The jury made no mistake in returning a verdict for the school district, and their finding is so eminently proper that the judgment should be affirmed notwithstanding any errors that may have been committed during the trial: Article VII, Section 3, of the Constitution as amended.

The judgment is affirmed.

AFFIRMED.    REHEARING DENIED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.

Denied October 24, 1916.

ON PETITION FOR REHEARING.

(159 Pac. 1168.)

Department 1.   MR. JUSTICE BENSON delivered the opinion of the court.

In a very earnestly argued petition for rehearing, counsel for appellant urges that the original opinion herein is inconsistent with the law as announced in the case of *Richards* v. *School District No. 1*, 78 Or. 621 (153 Pac. 482), but a careful consideration of both opinions does not sustain the contention.   The Richards Case is based upon Laws of 1913, Chapter 37, which is applicable only to districts having a population of 20,000 or more persons, while the case at bar is controlled entirely by the provisions of Chapter 172, Laws of 1913.   The distinction between the two acts is so clear, and the exposition of the law as expressed in Chapter 172 so explicitly stated in the former opinion herein, as to require no further discussion.   The vast difference in the facts of the two cases only emphasizes the correctness of the conclusion heretofore reached.

Petition for rehearing is denied.

REHEARING DENIED.