STATE OF IOWA, Appellant, v. CERTAIN LOTTERY TICKETS OR COUPONS, Appellee.

No. 41025.

MARCH 15, 1932.

John Fletcher, Attorney-general, Neill Garrett, Assistant Attorney-general, and Roe Thompson, County Attorney, for appellant.

R. F. Clough, for appellee.

DE GRAFF, J.—The appellant in argument makes the following statement:

"This cause is an action *in rem*. It is against the seized lottery tickets or coupons which were found at the claimant's place of business and which the State claims were a part of the lottery scheme or trade enterprise which the State contends was unlawful, and being sponsored by the claimant. These lottery tickets were seized under the provisions of Section 13203 of the Code, which provides as follows:

" 'Property, whether real or personal, offered as a stake, or any moneys, property, or other thing of value staked, paid, bet, wagered, laid, or deposited in connection with or as a part of any game of chance, lottery, gambling scheme or device, gift enterprise, or other trade scheme unlawful under the laws of this state shall be forfeited to the state and shall be seized by the sheriff or any other peace officer and shall be disposed of as provided in sections 13208 and 13209.'

"Thereafter the claimants came into Court after notice of seizure and demanded the return to them of the tickets or coupons so seized, and upon the trial, the District Court, at the close of the evidence, directed the jury to return a verdict in favor of the claimant finding that the tickets or coupons were not property which was a part of any game of chance, lottery, gambling scheme, trade enterprise or device, or any other scheme which is unlawful. The Court then dismissed the forfeiture proceedings

instituted by the State, and it is from this action by the Court that this appeal is taken by the State."

The sole question in the case is whether the tickets or coupons in question came within the classes of property described in said Section 13203. We hold that the said lottery tickets or coupons are not the subject of seizure under said statute. There is nothing in the statute which authorizes a proceeding of this character as against the tickets or coupons in question. The section is a special act, which authorizes the seizure of certain property therein described, under certain conditions. It has nothing to do with the criminal law as to lotteries. It is a civil action. The property seized in this case is not within any of the classes described in said section, and therefore this action, which is based solely on the right to seize said tickets, cannot be maintained.

The court was right in directing a verdict in behalf of the appellee.—Affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, and ALBERT, JJ., concur.