Argued May 19; reversed July 31; rehearing denied
September 12, 1933

## BUMP *v.* UNION HIGH SCHOOL DISTRICT NO. 3

(24 P. (2d) 330)

*Mark V. Weatherford,* of Albany (E. R. Woods, of Corvallis, and Weatherford & Wyatt, of Albany, on the brief), for appellant.

*John A. Jeffrey,* of Portland (George W. Denman, of Corvallis, on the brief), for respondent.

ROSSMAN, J.  The complaint alleges that September 22, 1930, the parties hereto signed a contract

whereby the defendant employed the plaintiff to teach the high school maintained by it for a period of eight months and three weeks, commencing September 23, 1930, at a salary of $105 per month; that the plaintiff entered upon the performance of his duties; that November 14, 1930, the defendant, without cause, "wrongfully dismissed said plaintiff and wrongfully refused to permit him to continue upon his duties"; that he offered to continue to perform his contract; and that the defendant refused to permit him to do so. The complaint concludes with a prayer for judgment in the sum of $740.25. The answer, after admitting that the parties signed the contract mentioned in the complaint, that on November 14, 1930, the defendant dismissed the plaintiff from its employ, and that it thereafter refused to permit him to serve it as a teacher, denies all other averments of the complaint. Further answering, it alleges that while the plaintiff was in the defendant's employ he violated his contract in the following manner: (1) he failed to maintain order in the schoolroom during school hours; (2) he failed to follow the directions of the school board prescribing the course of study; (3) he failed to conduct himself in a manner which would command the respect of his pupils as follows: (a) while presiding over the classroom he performed acts of contortion by scratching the back of his head with his foot, and by placing his foot back of his head; (b) by repeatedly flirting with one of his girl pupils; (c) by placing his arms around two of his girl pupils; (d) by using vulgar language in the schoolroom and on the school grounds; (e) by repeatedly detailing an account of a love affair which he said he had with a girl residing within the local community; (f) by repeatedly discussing sex problems before his classes composed of boys and girls; (g) by frequently telling

risque stories before his classes; (h) by inculcating in the minds of his pupils disrespect for the Bible as a religious authority; (i) by making statements during school hours intended to create disrespect for the government of the United States; (j) by stating to his pupils during school hours: "We will be better off and eventually we will quit wearing clothes, for this matter of clothes is nothing more than false modesty and it is no crime for members of one sex to expose the person to members of the other sex". Continuing, the answer alleges that on October 22, 1930, the district school board held a meeting for the purpose of investigating complaints against the plaintiff and of hearing evidence concerning them "of which meeting plaintiff did have due notice and did attend the same in person and heard the complaints and evidence concerning the matters hereinbefore alleged, and did have full opportunity to be heard in his own defense, in person or by an attorney, and at said time and place did present his defense to the complaints and charges made as aforesaid". The answer alleges that on November 14, 1930, the board "found that for good cause shown, plaintiff should be dismissed as a teacher of said district, and passed an order dismissing plaintiff as a school teacher of defendant school district, and directed the clerk of defendant school district to spread upon the records of the minutes of the meeting of said district school board the material reasons therefor which were as follows: * * *" The recitals which follow are in substantial conformity to the charges mentioned above. The answer further avers that the plaintiff was notified of his dismissal, but that the clerk of the board failed to enter upon the records of the district the minutes aforementioned until the oversight was discovered January 20, 1932, when the

omission was discovered, and, pursuant to the directions of the board, the proper entries were made. The reply denies substantially all of the new matter alleged in the answer. When the first witness called by the plaintiff, the school clerk, was upon the stand and was identifying the school records, the plaintiff moved for a directed verdict on the ground that the answer did not state a defense. Section 35-1120, Oregon Code 1930, provides:

"The board shall dismiss teachers only for good cause shown, and in case the board shall pass an order to dismiss, the material reason therefor shall be spread upon the record by the district clerk. If a teacher is unjustly dismissed, he may take an appeal from the action of the board in dismissing him to the county superintendent and thence to the superintendent of public instruction, but for a breach of contract of teaching the teacher or the district shall have their ordinary legal remedies. In the trial of a teacher, when it is sought to dismiss him, as above provided, the board, the county superintendent, or the state superintendent, as the case may be, shall give the teacher due and legal notice of the charges against him and an opportunity to be heard in his own defense in person or by attorney."

■ Pursuant to the authority conferred upon the State Board of Education by section 35-203, Oregon Code 1930, the board adopted a set of rules and regulations for the government of the public schools (see 1931 School Laws, p. 203) of which rule 39 provides: "Teachers in the public schools shall, to the utmost of their ability, inculcate in the minds of their pupils correct principles of morality and a proper regard for the laws of society, and for the government under which they live". This rule, of necessity, was one of the provisions of plaintiff's contract. *Foreman v. School District No. 25,* 81 Or. 587 (159 P. 1155, 1168).

██ The plaintiff contends that he was entitled to notice of the charges filed against him and an opportunity to be heard, even though the charges were based upon an alleged breach of his contract. He submits that the answer does not allege that he was given notice and an opportunity to be heard, and that, therefore, the circuit court properly directed a verdict in his favor. From *Foreman v. School District No. 25,* supra, which carefully analyzes the above section of our laws and construes its meaning, we quote the following:

"The statute should be construed to mean that charges must be made and notice and an opportunity for a hearing given, before a teacher can be discharged for an act which does not amount to a breach of the contract of teaching; but for a breach of the contract of teaching the teacher may be dismissed summarily without a hearing because for that breach, in the words of the statute itself, the board shall have the 'ordinary legal remedies', and the right of summary dismissal was ordinarily a legal remedy which was available before the statute was enacted."

The charges in that case accused the teacher of a violation of the above quoted rule adopted by the State Board of Education. It is indispensable to the administration of justice that after a question concerning the conduct of public bodies, the law of contracts, as well as other subdivisions of the substantive law, has been decided by this court, after careful consideration, that the question should be deemed settled and closed to further argument. The doctrine of stare decisis so requires. Therefore, in view of our holding in *Foreman v. School District No. 25,* supra, which we believe was correctly decided, we conclude that the board of the defendant school district could properly determine whether the plaintiff had breached the terms

of his contract without notifying him of its intention to do so, and that, having decided that he had violated his contract, notify him that his services were no longer desired. If the plaintiff believed that his conduct did not constitute a violation of the provisions of his contract, his right to maintain an action upon the contract still existed.

During the course of the oral argument, plaintiff's counsel contended that the sessions of the board at which the above-mentioned action was taken were convened without conformity to the laws regulating such matters. However, since neither the pleadings nor the evidence warrant this contention, we shall ignore it.

The judgment of the circuit court will be reversed and the cause remanded.

KELLY and BAILEY, JJ., concur.

BELT, J., did not participate in this decision.