STATE OF IOWA, Appellee, v. ROY ERB AND CERTAIN GAMBLING DEVICES, Appellant.

No. 46954.

JUNE 17, 1947.

Ray E. Rieke, of Sioux City, for appellant.

John M. Rankin, Attorney General, Charles H. Scholz, Assistant Attorney General, Edward L. Moran, County Attorney, and Wallace W. Huff, Assistant County Attorney, for appellee.

HALE, J.—On November 19, 1945, a search warrant was issued out of the municipal court of Sioux City on an affidavit of J. E. Young, a police officer. Under this warrant there was attached a quantity of personal property covering presses and material in a printing office, together with a large quantity of finished and unfinished material, including certain types of tickets which the evidence shows were used in gambling, baseball tickets, finished and unfinished, all listed and described in the return of service of such warrant.

On the 21st of November the court issued an order for the preservation of the property seized. On November 23d notice of seizure was served upon Roy Erb and a copy thereof posted in the building at 409 West Seventh Street, Sioux City. On trial motion to dismiss was filed by Roy Erb, owner and claimant of the property, which motion was overruled.

From an order of forfeiture by the municipal court defendant appealed to the district court. He again filed motion to dismiss and to set aside the search warrant, denying the sufficiency of the notice. This was overruled and defendant filed answer and claim of ownership, alleging that the articles seized were not and are not gambling devices or implements kept in violation of law; that the premises were not used as a gaming house, or place resorted to for gambling, nor were any gambling devices or implements kept there; that the seizure was without proper authority, without legal, reasonable, or probable cause, and without legal basis and in violation of the constitutional rights of claimant. After introduction of evidence judgment was entered in the district court ordering the confiscation and destruction of the property seized. The defendant appeals to this court.

I. The statement of errors in claimant-defendant's brief and argument is, 1, a general objection to the court's overruling

of claimant's motion to dismiss. Assigned errors numbers 2, 4, 5, 6, 7, 8, and 9 assert that the court erroneously admitted certain testimony. Defendant did not argue these assignments separately, nor are they set forth in the manner prescribed by Rule 344, Iowa Rules of Civil Procedure.

Defendant attempts to assail the court's rulings by merely referring to page and line of the record, without setting out the objection to the ruling of the court, and groups the objections in a form designated as a statement of. errors. We have held that a mere repetition in argument of statements in the assignment of errors will not be considered by this court. Patterson & Co. v. Seaton, 70 Iowa 689, 692, 28 N. W. 598; Hull v. Independent Sch. Dist., 82 Iowa 686, 689, 46 N. W. 1053, 48 N. W. 82, 10 L. R. A. 273, and cases cited; Heinse v. Beers, Iowa, 212 N. W. 305. Here there is not even such repetition. Plaintiff argues, and correctly, that complaint in argument of rulings on admissibility of evidence will be disregarded when the argument is general and presents no proposition on a specific ruling or any brief points. Urdangen v. Fryer, 183 Iowa 39, 42, 166 N. W. 693; Rauch v. Des Moines Elec. Co., 206 Iowa 309, 218 N. W. 340, and cases cited.

Plaintiff further argues that where defendant assigns error on ruling on introduction of evidence, but in his brief of points and law makes no reference thereto, he is not entitled to a review of such ruling on appeal. Citing Hoyt v. Hoyt, 137 Iowa 563, 115 N. W. 222. An assignment of error as to the admission of evidence, not presented by a brief point, will not be considered. Thomas v. Wyckoff, 187 Iowa 148, 174 N. W. 26. Plaintiff further refers to the ruling of this court, frequently stated, that errors assigned on appeal and which are not argued are deemed waived. Citing Rule 344, Iowa Rules of Civil Procedure; State v. Neifert, 206 Iowa 384, 220 N. W. 32, and cases cited; State v. Mead, 237 Iowa 475, 22 N. W. 2d 222, and cases cited.

Since there has been no compliance with the often-repeated rulings of the court in the assignment and argument of errors or propositions submitted, we may disregard such assignment. However, in our examination of them we are convinced that

there was no error of the court to which the objections raised by the defendant would apply.

II. Defendant's third statement of error is:

"The court erred in permitting the state's witness, Joe Young, to testify, over objections of claimant, to the conversations over the telephone."

The incident complained of took place during the service of the search warrant. Young was a police officer participating. At the time, Frank Cummerfield, apparently an employee or with an interest of some kind in the printing office, was present. While thus engaged in the seizure of the property under the search warrant Young answered two calls over the telephone. He testified that someone stated over the telephone that the call was from the Harbor Inn, and directed to have Frank deliver a gross of numbers; that the second call purported to come from a place called Baseball Headquarters, and was also an order for a gross of tickets designated by numbers. Defendant urges that the evidence was improper, hearsay, and suggests that it had the characteristics of "staged" telephone calls. It is not open to these objections.

Aside from telephone orders there was ample evidence, oral and written; the latter consisting of orders, shipping bills, list of customers, and other documents, which showed an extensive business in furnishing supplies of the nature of part of those seized. There can be no doubt, under the evidence, that the tickets printed in the office were used for gambling. They were for use in a form of lottery, known throughout the country as "numbers." In the form of the game in this instance there were cash prizes of three to twenty dollars, with various forms of tickets sold at a low price. "Baseball" tickets, finished and unfinished, were among the articles seized. These also were used in gambling games. The evidence indicates that the facilities of the printing establishment were very largely used for producing these gambling tickets. There is no serious question raised as to the nature of the articles stored on the searched premises, and that they were kept for sale and sold at the establishment. The seizure of property took place where

these tickets were being manufactured for the purpose of sale and sold. Testimony of the fact that orders were received was properly admitted. Under this state of the record the admission of testimony as·to the receipt of orders during the service of the search warrant was not error.

III. Defendant-claimant in his divisions 10, 11, 12, and 13 assails the action of the court in ordering· the confiscation and destruction of the items mentioned in his judgment, for the reason that each item of property so ordered to be confiscated is of a nature and character wholly and totally different from the nature and character alleged in the information filed, upon which the proceeding is founded, and that no item so confiscated is of the nature and character alleged in said information.

In assignment 11 defendant alleges that the finding of the court that there was shown a conspiracy to manufacture and distribute lottery tickets to be used against the public morals and police was erroneous, as no competent admissible evidence appeared in the record to substantiate such fact.

In assignment 12 defendant alleges that the court erred in holding that the seizure can be justified under that provision of the law which permits forfeiture of property used in or which aids in the commission of a public offense, and also under that provision which permits forfeiture of property used as a means of commission of a felony. Also that the court erred in finding that the seized articles were used at the time of seizure in violation of law and their seizure and forfeiture warranted under the law.

These various allegations of the defendant may be considered together in view of the provisions of the statute in relation to such matters. Defendant lays stress on the fact that the seized articles must be of the illegal nature or character alleged in the information, and cites State v. Certain Lottery Tickets, 214 Iowa 158, 241 N. W. 421. That case does not apply to the facts of this case. The principal holding therein is that the procedure for the seizure and condemnation of alleged lottery tickets is a civil action. The action was brought under section 13203 of the Code of 1939 (section 726.4, Code of 1946). The present action is based in part on section 726.8, Code of

1946, referring to lotteries and lottery tickets, which reads as follows:

"If any person make or aid in making or establishing, or advertise or make public any scheme for any lottery; or advertise, offer for sale, sell, negotiate, dispose of, purchase, or receive any ticket or part of a ticket in any lottery or number thereof; or have in his possession any ticket, part of a ticket, or paper purporting to be the number of any ticket of any lottery, with intent to sell or dispose of the same on his own account or as the agent of another, he shall be imprisoned in the county jail not more than thirty days, or be fined not exceeding one hundred dollars, or both."

The evidence clearly shows that the defendant was, at the time of the issuance of the search warrant and previous thereto, conducting a business of some proportions for the manufacture and distribution of baseball and tip tickets, which are shown by the evidence introduced to be manufactured and distributed for lottery purposes. The use of such tickets is prohibited and anyone engaged in such lottery scheme commits a public offense.

Under the provisions of section 751.3, Code of 1946, it is provided that a search warrant may be issued:

"2. For property which has been used as a means or as one of the means of committing or of accomplishing the commission of a felony.

"3. For property which is in the possession of a person with the intent to use it as a means of committing a public offense, or which has been delivered by such person to another for the purpose of concealing it."

Various other provisions authorizing the issuance of search warrants are. contained in section 751.3, but are not necessary to be referred to now. The district court held that the allegations of the information were within the provisions above quoted. The affidavit upon which the issuance of the search warrant was based stated that the premises at 409 West Seventh Street, Sioux City, were used for a gaming house for the purpose of gambling for money or other property, and it is believed that

on said premises certain gambling implements or devices were used or kept for use contrary to law. Defendant argues that the allegations of the affidavit were not sufficient to support the issuance of the search warrant; that the nature and character of the articles seized were of a wholly different nature and character than alleged in the information. We cannot agree. The affidavit referred to is by J. E. Young, who alleged probable cause to suspect and did suspect that the gambling implements were in the premises, and were used and kept for use in violation of law.

The search warrant issued ordered the officer:

"You are therefore commanded to make immediate search in day or night time on said premises hereinbefore described for any implements or gambling devices, slot machines and punch boards, together with all prizes, moneys and other property used in connection therewith."

There was no evidence to indicate that the place searched was a gaming house and used for the purpose of gambling, but the other allegations of the information and warrant were fully established by the evidence; that the gambling implements and devices were owned by defendant and kept by him in violation of law. The same statements were in the notice of seizure. We are satisfied that the warrant was properly issued and the affidavit, in part at least, correctly alleged the violation of law.

IV. In any event, while claimant in his answer alleged that the search warrant issued without legal or reasonable cause, according to the judgment and decree of the judge of the district court, this contention was not insisted upon by the claimant in the trial in the district court. Having not been so urged, the defendant could not and should not be heard in this court.

V. The district court further held that the evidence showed a conspiracy, a felony. The court's finding of a conspiracy is based upon the provisions of section 719.1, Code of 1946 (section 13162, Code of 1939):

"If any two or more persons conspire or confederate together with the fraudulent or malicious intent wrongfully to injure the person, character, business, property, or rights in

property of another, or to do any illegal act injurious to the public trade, health, morals, or police, or to the administration of public justice, or to commit any felony, they are guilty of a conspiracy, and every such offender, and every person who is convicted of a conspiracy at common law, shall be imprisoned in the penitentiary not more than three years.''

In order to justify the issuance of the search warrant it was not necessary that the court find a conspiracy, yet it is apparent that there was such conspiracy between the defendant and other persons. The proprietor of the shop, together with the purchasers of tickets, was not only engaged in a public offense but engaged in a conspiracy under section 719.1. They were working together to violate the law, and there can be no doubt that they were engaged or confederated together to do an illegal act injurious to public morals. We are satisfied that the court properly forfeited the property seized.

■ Defendant filed a motion, which was ordered submitted with the case, asking that we strike plaintiff's brief and argument on the ground that they were not filed as required by Supreme Court Rule 16 relating to appeals in criminal cases. This was resisted by the State on the ground that this action is not a criminal action. The State's brief and argument were filed in court under the provisions of the Rules relating to civil proceedings. This was correct. This action is not a criminal proceeding. It is a civil action. State v. Certain Lottery Tickets, supra; State v. Kieffer, 45 S. D. 288, 187 N. W. 164. The motion is overruled.

The court entered a judgment and order of forfeiture directing that certain type forms, cut presses, and printing machines be sold, that the remainder of the seized property be destroyed, and that the moneys realized from the sale of the property be turned over to the county treasurer of Woodbury county and credited by the treasurer to the county school fund. We find that the finding of facts and of law, and the order of the court are correct, and should be and are affirmed.—Affirmed.

OLIVER, C. J., and GARFIELD, MANTZ, MULRONEY, SMITH, and HAYS, JJ., concur.