STATE *ex rel.* Thomas Gold *vs.* AMBROSE SECREST.

## May 25, 1885.

**Justice of the Peace—Dismissal of Criminal Case—Reinstatement.—**
Where a justice dismisses a criminal case and discharges the defendant,
however erroneous his decision may be, he cannot reinstate the case, or
bring the defendant before him for trial, without commencing anew.

**Same—Mandamus.—***Mandamus* will not issue to require him to proceed
with the case so dismissed.

Appeal by the relator from an order of the district court for Wash-
ington county, *McCluer*, J., presiding, refusing a peremptory writ of
*mandamus*. The affidavit of relator, as recited in the alternative writ,
stated that on August 19, 1884, on relator's complaint, the respond-

ent, a justice of the peace of Baytown, and village justice of the village of South Stillwater, in that county, issued a warrant and caused the arrest of one Yorks, charged by relator with assault. Yorks having pleaded not guilty and being brought to trial, the respondent refused to proceed further, on the ground that he had not jurisdiction, the relator and Yorks being both residents of the city of Stillwater in the same county, in which city the assault is alleged to have been committed. The writ commanded respondent to proceed to hear, try and determine the cause and enter judgment therein, or to show cause, etc.

The respondent's answer admits these allegations, and states that, after determining that he had not jurisdiction, he discharged Yorks from custody.

On the writ and answer, the relator moved for judgment that a peremptory writ issue, and the respondent moved that the alternative writ be discharged.

The decision of *McCluer,* J., after stating the facts and considering the provisions of the charter of the city of Stillwater as to the jurisdiction of the municipal court of that city and of justices of the peace, proceeds as follows:

"I am satisfied therefore that the respondent had jurisdiction to hear and determine the case brought before him, and that his holding that he had not such jurisdiction and refusing to proceed with the cause was error. The question then arises, can this error be reached by mandamus? The statute provides, (Gen. St. 1878, c. 80, § 2:) 'It (the writ of mandamus) may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station; but though it may require an inferior tribunal to exercise its judgment or proceed to the discharge of any of its functions, it cannot control the judicial discretion.' The question of jurisdiction of the subject-matter of an action is always present in all judicial proceedings; it can be raised at any stage of the proceedings, and, when raised, must be judicially determined. Whether it be clear or doubtful does not change the nature of the question. If it be presented, considered and decided, such decision involves and is the result of a judicial decision, which, by express terms of the statute, as well as the general scope and power of the writ as always understood, cannot be controlled by mandamus. Some looseness of expression has crept into cases decided by respectable tribunals, and courts have

sometimes strained the powers of this writ in cases where great wrongs have appeared to be done and no relief was open to the sufferer; but in all the well-considered cases that I have examined the principles seem to be well settled, *first,* that a writ of mandamus is not a means of correcting judicial errors but simply to enforce the exercise of a judicial function; *second,* that the fact that no other remedy is available will not authorize its issuance in cases not fairly within its scope.

"The very elaborate argument of Senator Tracy in *Judges of Oneida C. P.* v. *The People,* 18 Wend. 78, and the authorities therein cited, disclose the true scope and purpose of the writ of mandamus as known to the common law, and the same doctrine is re-asserted in *People* v. *The Judges of Dutchess C. P.,* 20 Wend. 658, (which case was one identical in principle with that at bar,) namely, when the inferior court had declined to proceed in a certain cause for want of jurisdiction, the superior court decided that such ruling is an error and that the court of common pleas had jurisdiction, but still refused to grant the writ, holding that all that that court can do, in the exercise of its supervisory power by mandamus, ' is to require inferior tribunals to proceed to judgment, but cannot dictate the judgment to be rendered, much less can such tribunals be required to retrace their steps and reverse a decision already made.' The opinion is written by Mr. Justice Bronson, and is a model of close reasoning, and sustained by citation of numerous authorities. I can add nothing to the argument, and it is unnecessary to extend the citation of authorities beyond those contained in the two cases cited.

"In the case at bar it appears that the decision of the court below upon the question presented to it was not formally entered; and if this application was for the purpose of having this decision thus entered of record for the purpose of placing the case in a position from which an appeal might be taken, or if any other object were to be subserved, it would clearly be within the power of this court to order such judgment to be entered; but the prayer in this writ is that the respondent be required to proceed to hear, try and determine this case, and this, as appears by the authorities cited, is beyond the jurisdiction of this court in the premises."

*Fayette Marsh,* for appellant.

*J. N. & I. W. Castle,* for respondent.

GILFILLAN, C. J.[1] We think the court below decided correctly both the points presented,—that touching the jurisdiction of the defendant as justice of the peace to try the case commenced before him, and also whether the case is a proper one for a *mandamus.* Another reason

---

[1] Berry, J., was absent and took no part in this case.

than that assigned by the court below for its decision of the latter question may be given. A court would never issue a *mandamus* if it be clearly apparent that the writ would be futile, as it would be in this case. The justice dismissed the case before him, and released the defendant. He was in error in so doing, but the case, nevertheless, ceased to be a cause pending before him. When a criminal case before a justice is disposed of so as to be out of court, we know of no way by which the justice can reinstate the case, or bring the party before him for trial, without commencing anew. The writ ought not to issue requiring him to do what the law gives him no authority to do.

Order affirmed.