S. H. MILLER, George H. Miller, and A. S. Miller, Appellants, v.
HERMAN STENSETH as Clerk of the District Court of Ram-
sey County, North Dakota, Respondent.

(167 N. W. 753.)

**Moot questions — court will not determine — doing useless thing — will not
require.**

1. This court will not determine moot questions, nor require the doing of a
useless thing.

**Mandamus — writ of — will not issue — to compel the doing of a useless
thing.**

2. The writ of mandamus will not issue to compel the doing of an ineffectual
act, or useless thing.

Opinion filed March 28, 1918.

Motion to dismiss an appeal from an order of the District Court of
Ramsey County.

Motion granted.

*Cuthbert & Smythe,* for the motion.

*William Anderson* and *Dan V. Brennan,* on oral argument, opposed.

FISK, Special Judge.    This matter comes before the court at this
time on a motion to dismiss an appeal taken from an order of the dis-
trict court of Ramsey county quashing an alternative writ of mandamus.

In order to a proper understanding of the motion we will briefly re-
cite the facts leading up to this appeal.    Plaintiffs some years ago
brought an action against J. M. Thompson and the Devils Lake State
Bank jointly, Mr. Thompson being then the cashier of said bank.
Judgment was entered in said action against both defendants.    Subse-
quently, and upon motion, the trial court vacated and set aside the judg-
ment as to the bank, upon the theory that plaintiffs had no cause of ac-
tion as against it, but refused to grant said motion as to defendant
Thompson.    No formal judgment of dismissal or otherwise was ever
entered upon the order vacating and setting aside the judgment as to
said bank.    The defendant Thompson thereafter appealed to this court
from the judgment entered against him, and after a hearing and mo-

39 N. D.—17.

tion for rehearing this court reversed the judgment of the trial court and dismissed the case upon the merits. See Miller v. Thompson, 34 N. D. 63, 157 N. W. 677.

The mandamus proceeding was later commenced to compel the clerk of the district court of Ramsey county to enter a formal judgment of dismissal as to defendant bank upon the order made by the trial court vacating the judgment as to the bank, the plaintiffs contending that upon the record as it stood there was no order from which they could appeal as to the defendant bank.

This court will not determine moot questions and neither will it require the doing of a useless thing.

"The doctrine is well settled that courts will not grant mandamus or any other writ, where for any reason it would be ineffectual or not serve any lawful purpose. It is familiar law that courts will not determine moot questions and even though the question originally was one proper to call for an adjudication."

Bailey, Habeas Corpus, p. 812; Robinson v. Boyd, 60 Ohio St. 57, 53 N. W. 496; State ex rel. Gold v. Secrest, 33 Minn. 381, 23 N. W. 545; Tenant v. Crocker, 85 Mich. 328, 48 N. W. 577.

It will readily be seen by a reading of the opinion in Miller v. Thompson, supra, that all questions which could possibly arise in an appeal by plaintiffs against the bank were fully determined by this court, so that any appeal which might be taken as to the bank becomes and is a moot question. In other words, the bank could under no theory be liable in the litigation unless Thompson was also liable. Therefore, it would be a useless thing to grant the writ of mandamus and compel the the clerk to enter a formal judgment for the sake of giving plaintiffs an opportunity to perfect a useless appeal, because the merits of the litigation have been fully and finally determined by this court in the appeal taken by defendant Thompson.

Counsel for the bank contend that the order made by the trial court vacating and setting aside the judgment as to the bank was an appealable order. Of course, if it was, then time for taking an appeal has long expired. But from what has been said in this opinion it is unnecessary for us to pass upon that question.

The motion is granted and the appeal is dismissed, with costs.

CHRISTIANSON, J., being disqualified, did not participate, Honorable Frank E. FISK, Judge of the Eleventh Judicial District, sitting in his stead.