MARY MOOTZ, Appellant, v. MRS. FRANK BELYEA, et al., as Members and Constituting the School Board of Dodd's School District, Nelson County, North Dakota, and Mrs. Hugh McFadden, as Clerk of Said School District, and Pontus Olson, as Treasurer Thereof, Respondents.

(— A.L.R. —, 236 N. W. 358.)

Opinion filed April 27, 1931.

*F. T. Cuthbert,* for appellant.

*Traynor & Traynor,* for respondents.

Burr, J.   This is an application for a writ of mandamus addressed to the defendants as members of a school board, requiring them to install the petitioner as teacher in one of the schools in the district and to pay her according to an alleged contract for service.

We need not pass upon the disputed testimony.   We take as true the facts stated by the appellant.

On the fifth day of July, 1930, the appellant, a school teacher, was employed by the school board of Dodd's School District in Nelson County to teach School No. 2 in that district, for a term of nine months beginning September 8, 1930, and her compensation fixed at $90 per month.   A written contract to this effect was signed by both parties.

By the second day of August, 1930, there were changes in the personnel of the school board and the new school board, at a special meeting, decided "that Mary Mootz was not legally hired and she should be notified to that effect," and entered into a contract with one Anne Collins to teach this particular school.   Appellant says this meeting was illegally called, and that this action was taken by the school board without any notice to her and without her knowledge or consent.

On the 8th of September, 1930, she came to the school, prepared to teach, and ever since has been ready and willing to teach; but the school board has prevented her from taking charge of the school and installed Miss Collins who ever since has been teaching and drawing salary for the school year.

An order was issued requiring the defendants to show cause why appellant should not be installed as teacher in the school and why she should not be paid the salary agreed upon.

On the return day defendants appeared and demurred on the ground that the court had no jurisdiction, that there was a defect of parties defendant and that the petition did not set forth facts sufficient to constitute a cause of action.   Affidavits were presented by both sides and the court denied the writ.

Section 8457 of the Comp. Laws says the "writ of mandamus may be issued . . . to compel the admission of a party to the use and enjoyment of a right or office to which he is entitled and from which

he is unlawfully precluded by such . . . board." Section 8458 of the Comp. Laws says: "The writ must be issued in all cases when there is not a plain, speedy and adequate remedy in the ordinary course of law."

It is the claim of the appellant that she is being denied the "use and enjoyment of a right or office" to which she is entitled. Whether her contract gives her a right or office depends upon her relationship to the school board and her right under her contract. The duty of employing teachers is vested in the school board and this is done by contract. The relationship is purely contractual in this State. There is no fixed tenure of office when a teacher is employed, other than the provisions set forth in the contract. In this State the profession is not under civil service rules. When a teacher is employed by a school district she is not employed as an officer and she does not become an officer. Her rights are measured by the terms of her contract. As said in Board of Education v. State, 100 Wis. 455, 76 N. W. 351, the teacher "was a mere employee, and not an officer of the district in question and had no official relations to it. His services were to be rendered in consideration of a certain stipulated compensation and he was not an officer within the meaning of the constitution and laws."

The relationship between the teacher and school directors is purely contractual. Clune v. School Dist. 166 Wis. 452, 6 A.L.R. 736, 166 N. W. 11; State ex rel. O'Neil v. Blied, 188 Wis. 442, 206 N. W. 213.

Heath v. Johnson, 36 W. Va. 782, 15 S. E. 980, says: "The occupation of a teacher of a free school in this State is not a public office, but an employment."

In State ex rel. Lewellen v. Smith, 49 Neb. 755, 69 N. W. 114, it is said: "A contract to teach in one of the free schools of the ordinary district is one of employment. The district represented by the board is an employer, and the teacher an employee. The teacher in such schools is not a public officer." In Eason v. Majors, 111 Neb. 288, 30 A.L.R. 1419, 196 N. W. 133, the court says this quotation is dictum and is not used as authority in the case under discussion. Nevertheless the court, in commenting on State ex rel. Lewellen v. Smith calls attention to the fact that title to an office cannot be tested by mandamus, and that the teacher had an adequate remedy at law.

In Hartigan v. West Virginia University, 49 W. Va. 14, 38 S. E.

.698, the status of a professor in the West Virginia University was under discussion. The plaintiff had asked for a writ of prohibition to prevent the Board of Regents "from executing a resolution of that Board removing a professor." The principle advocated by plaintiff was that the position was a public office; but the Supreme Court in the majority opinion holds that the professor in the West Virginia University is not a public officer. There is a strong dissenting opinion covering some twelve pages of the reporter; but the majority opinion cites the case of People ex rel. Throop v. Langdon, 40 Mich. 673, where in an opinion written by Judge Cooley the court distinguishes an office from an employment saying: "An officer is distinguished from an employee in the greater importance, dignity and independence of his position; in the requirement of an official oath, and perhaps bond; in liability to account for misfeasance and non-feasance; and usually with tenure of his position." The West Virginia court then proceeds to show that a professor "takes no oath, gives no bond, does not account for misfeasance or non-feasance in a legal sense, has no term, no duties of a fixed determinate character fixed by law. He is no quasi officer. There can be no such thing as a quasi officer."

True, it may be difficult at times to draw a line of distinction between an official and an employee, but there can be no officer if there be no office. That the duties performed are public or quasi public in their character is not sufficient to create an office. As said in State ex rel. Childs v. Kiichli, 53 Minn. 147, 155, 19 L.R.A. 779, 54 N. W. 1069, 1071.

"The words 'office' and 'officer' are terms of vague and variable import, the meaning of which necessarily varies with the connection in which they are used, and, to determine it correctly in a particular instance, regard must be had to the intention of the statute and the subject-matter in reference to which the terms are used."

Our statute says:

"The district school board shall have the general charge, direction and management of the schools of the district, and the care, custody and control of all the property belonging to it, subject to the provisions of this chapter; provided that in the employment of teachers, no person related by blood or marriage to any member of the district board

shall be hired without the unanimous consent of the board." Comp. Laws 1913, § 1173.

It is the duty of the board also to "organize, maintain and conveniently locate schools;" "make all necessary repairs to school houses, . . . furnish fuel . . . provide for janitor service;" "have the care and custody of the library;" "make rules to govern the circulation and care of the books;" "employ the teachers of the school district and may dismiss a teacher at any time for plain violation of contract, gross immorality or flagrant neglect of duty." "Admit to the schools in the district pupils from other districts; . . . levy upon the property in the district a tax for school purposes;" "permit a school house . . . to be used . . . for any proper purpose." Sections 1174, 1175, 1177, 1178, 1179, 1182, 1183.

With the approval of the county superintendent the school board is required to furnish the necessary furniture and to determine what branches or subjects shall be taught in the school. Sections 1176, 1181. It will be noted, with reference to school teachers, the statute says the board may "employ" teachers and refers to the "employment" of teachers. The prescribed duty of a teacher "can be changed at the will of the superior, since no rule of law or well defined custom forbids it," and this is one of the tests applied by the Michigan Court in determining whether a certain "Chief Clerk" was an officer or a mere employee. People ex rel. Throop v. Langdon, 40 Mich. 673, supra.

As said by Chief Justice Marshall in the case of United States v. Maurice, 2 Brock. 96, Fed. Cas. No. 15,747, "a man may certainly be employed under a contract, express or implied, to do an act or perform a service without becoming an officer. But if a duty be a continuing one, which is defined by rules prescribed by the government, and not by contract, which an individual is appointed by government to perform, who enters on the duties appertaining to his station, without any contract defining them . . . it seems very difficult to distinguish such a charge or employment from an office, or the person who performs the duties from an officer." In Mechem on Public Officers, §§ 1 to 9, the text discusses the essential elements of an office and shows that the term "has respect to a permanent public trust to be exercised in behalf of the government, and not to a merely transient action, occasional, or incidental employment," and that as a rule, "the duties

are continuous in their nature; and defined by rules prescribed by government, and not by contract." In § 5 it is said: "Where therefore, the authority in question was conferred by a contract, it must be regarded as an employment, and not as a public office." This differentiates the California cases cited by appellant, for there the duties were continuous and permanent and the teachers became a part of the machinery of government. For the elements of an office see United States v. Hartwell, 6 Wall. 385, 18 L. ed. 830; Shelby v. Alcorn, 36 Miss. 273, 72 Am. Dec. 169; State ex rel. Atty. Gen. v. Kennon, 7 Ohio St. 546; Eliason v. Coleman, 86 N. C. 235, 241; State ex rel. Clyatt v. Hocker, 39 Fla. 477, 63 Am. St. Rep. 174, 22 So. 721. There is nothing anywhere to indicate that the teacher is an official or that he fills an office.

Kennedy v. Board of Education, 82 Cal. 483, 22 Pac. 1042, and Fairchild v. Board of Education, 107 Cal. 92, 40 Pac. 26, cited by appellant, are not in point. There the teachers in the City Schools of San Francisco were on the list of permanently employed and remained on that list until removed for cause. They were city officials for life. They could not be deprived of their pay or their position until dismissed. People ex rel. Stanley v. Van Siclen, 43 Hun, 537, cited by appellant, is a case where the teacher, by statute was continued as a teacher until removed. When the statute said this teacher was a teacher in the school established she held office for life. She had a right to fill that office until removed for cause.

Appellant says these cases are applicable because the principle announced is that a teacher cannot be removed except for cause and that our statute, § 1178, says the school board "shall employ the teachers of the school district and may dismiss a teacher at any time for plain violation of contract etc.," and that therefore under our statute a teacher cannot be removed except for cause set forth in the statute and thus the board may by mandamus be compelled to reinstate her until she is removed by cause. Appellant cites the case of Clark v. Wild Rose Special School Dist. 47 N. D. 297, 182 N. W. 307, wherein we held that "it is prerequisite to a valid removal that the teacher be informed of the charges and be given a reasonable opportunity for a hearing thereon." The statute under consideration therein is § 1251 subd. 8,

not § 1178, but the prerequisite for removal—due and timely notice—is the same.

But the failure to give the required notice and therefore to legally remove for cause affects merely the liability under the contract. If the board give the required notice and legally removes for cause then the contract is abrogated and there is no further liability on the part of the district. On the other hand if the board fail to do so the contract is still in force and the teacher has rights thereunder. In Clark v. Wild Rose Special School District, supra, the teacher did not seek a writ of mandamus, but recovered wages under her contract. The question of whether she had been dismissed legally was certified to us. This court held that the teacher had not been dismissed according to law and remanded the case for final determination. While in the majority opinion no reference is made to the status of a school teacher, nevertheless there is nothing in the majority opinion to indicate disagreement with the thought expressed in the dissenting opinion, that a teacher "does not hold as the appointee of a public office," and that the whole relationship is merely that of contract only.

The Supreme Court of Oregon had occasion to pass upon such provisions and in Richards v. District School Bd. 78 Or. 621, L.R.A. 1916C, 789, 153 Pac. 482, Ann. Cas. 1917D, 266, the court determines a case where the teacher involved was on the list of "permanently employed teachers" and "who serves until dismissed" but cannot be dismissed except for good cause shown; but in Foreman v. School Dist. 81 Or. 587, 159 Pac. 1155, 1168, the court says that such ruling is based upon a special statute applicable to certain sized districts only. A teacher elected to the class known as permanently employed teachers has a certain position and office in the school system of the State and until he is removed from such office has a right to the enjoyment of it; but a teacher employed for nine months at a certain specified salary is a mere employee.

Appellant cites Brown v. Owen, 75 Miss. 309, 23 So. 35. In this case a teacher had been employed by a school board and this being done it was the duty of the county superintendent to sign the contract. It was a purely ministerial act on the part of the county superintendent and he could be compelled by a mandamus to do this. Effingham v. Hamilton, 68 Miss. 523, 10 So. 39, cited by appellant, is not in point

for there it was the ministerial duty of the county superintendent to sign a contract for books after the books had been selected by the proper committee, as was the fact in the case.

The case of Morley v. Power, 5 Lea, 691, cited by appellant is more nearly in point but in this case the teacher had not only been employed but was in the regular discharge of his duties, and the school board attempted to enjoin him from proceeding farther. In some of the cases cited by the court in that case it is evident the writ of mandamus was issued for purely ministerial purposes, and the court specifically says that in that case "there is no other adequate remedy to compel the performance of official duty by the directors or to reinstate a teacher wrongfully removed, and thereby deprived not only of his salary but his vocation." The court construes the position of teacher as the holding of an office "and the teacher of a public school has a franchise in his office, the loss of which cannot be compensated in damages." This is not the situation with us. All that the teacher is entitled to is his salary and there is an adequate remedy for this at law.

"It is, we think, too plain for controversy, that the relator's remedy is the very plain and common one that any party has against one with whom he has made a contract which such other neglects or refuses to perform, namely an action for the recovery of such damages as he has sustained in consequence of such neglect or refusal. He has a plain and adequate remedy by action at law." Board of Education v. State, 100 Wis. 455, 76 N. W. 351, 353.

State ex rel. Sittler v. Board of Education, 18 N. M. 183, 49 L.R.A. (N.S.) 62, 135 Pac. 96, says: "It is only where the teacher, by positive provisions of law has a fixed tenure of office, or can be removed only in some prescribed manner, and where, consequently, it is the plain ministerial duty of the school board to retain him, that mandamus can be maintained."

Again, it is not the purpose of a writ of mandamus to supersede the legal remedies—rather it furnishes the remedy when there is no adequate legal remedy. See Strauss v. Costello, 29 N. D. 215, 150 N. W. 874.

The evidence shows the board refused to permit the plaintiff to begin teaching in September, 1930. She does not claim she had a contract for a period exceeding nine months. This case was not presented to

this court until the latter part of March term. When the case was argued there was less than six weeks of the term left. The writ of mandamus will not issue to compel the doing of a useless thing. Miller v. Stenseth, 39 N. D. 257, 167 N. W. 753. The nine months' period expires next month. Plaintiff does not claim a contract for a nine months' term but for the nine months' term beginning in September. The only advantage to her would be the recovery of her salary. She has an adequate remedy at law for any damages sustained. In Dolman v. Kingman County, 116 Kan. 201, 226 Pac. 240, it is pointed out that "mandamus is not an available remedy to recover debt or damages and ordinary obligations arising merely on contract." The appellant has a plain, speedy and adequate remedy. As stated in State ex rel. Sittler v. Board of Education, 18 N. M. 183, 49 L.R.A.(N.S.) 62, 135 Pac. 96, supra. "Mandamus cannot be maintained to compel reinstatement of a school teacher who has been removed by the school officers, and whose relation to the school authorities rests wholly in contract."

The writ was properly denied, and the action of the lower court is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BIRDZELL and BURKE, JJ., concur.