

# THE ATTORNEY GENERAL
## OF TEXAS

GER·LD C. MANN
XXXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

Hon. Dan W. Jackson
Criminal District Attorney
Houston, Texas

Dear Sir:

Attention: Palmer Hutcheson, Jr.

Opinion No. 0-2056

Re: Elections - Judges, Clerks and
Supervisors - Article 2940, Revised
Civil Statutes.

Your request for opinion upon the following questions:

"1.  Are school teachers, school trustees,
officers and employees of the various school
systems and districts, employees and officers of
the various drainage districts and other employees
paid by tax money but not specially listed in
Article 2940, disqualified as judges, clerks or
supervisors of elections?

"2.  If so, is such disqualification mandatory
or directory?"

has been received and carefully considered by this department.

Article 2940, Revised Civil Statutes of Texas, as amended,
reads, in part, as follows:

"No one who holds an office of profit or trust under
the United States or this State, or in any city or town
in this State, or within thirty (30) days after resigning
or being dismissed from any such office, except Notary
Public, or who is a candidate for office, or who has not
paid his poll tax, shall act as judge, clerk or supervisor
of any election...."

We quote from 34 Texas Jurisprudence, pages 332-3-4,
Public officers - Section 2 - Definitions and characteristics,
as follows:

"Many judicial definitions of 'public office' are to
be found in the reported cases, but they are substantially
of the same import.  It is said to be a right to exercise
a public function or employment and take the fees and
emoluments belonging to it; 'a public station or employment

conferred by the appointment of government;'and 'the
right, authority, and duty created and conferred by law,
by which, for a given period, either fixed by law, or
enduring at the pleasure of the creating power, an
individual is invested with some portion of the sovereign
functions of the government, to be exercised by him for
the benefit of the public.'  The individual so invested is
a public officer.  He is a person who exercises some
functions of the government - one who is commissioned
or authorized to perform any public duty.

"The Revised Statutes provide that when an
officer is referred to in any civil or criminal law
of this State, an officer of this State is meant,
unless otherwise expressly provided; and various articles
of the Penal Code define 'officer' as the term is used
in denouncing particular offenses.

"'Office' embraces the ideas of tenure, duration, emolument
and duties.  Among the criteria for determining whether
an employment is a public office are the following; the
delegation of a portion of the sovereign functions of the
government; the requirement of an official oath; that the
powers entrusted are conferred by law and not by
contract; and the fixing of the duration or term of
office.  It is the duty pertaining to the office
and the nature of that duty, and not the extent of
authority which make the incumbent an officer; and one
is none the less an officer because his authority is
confined to narrow limits.  Salary or compensation is not
essential to constitute an employment an office; it is
a mere incident and forms no part of the office.

"There is, as we shall see presently, a distinction
between the office and the term of office, and between
an office and a public contract or employment."

We quote from 34 Texas Jurisprudence, page 324,
Public officers - contract distinguished from office, as follows:

"A public office is something different from
a public contract.  Officers hold their positions
by election or appointment and not by contract."

We quote from 34 Texas Jurisprudence, pages 325-6,
Public officers - employment distinguished, as follows:

"There is a material difference also between a
public office and a public employment. .The relation
between an office holder and the government under which

Hon. Dan W. Jackson, Page 3, O-2056

he functions is not that of an employer and employee, and their respective rights are not to be determined by application of the rules of contracts of employment. As said by Chief Justice Marshall, 'Although an office is an employment, it does not follow that every employment is an office.

"The most important distinction is that the creation and conferring of an office involves a delegation to the individual of some of the sovereign functions of the government, to be exercised by him for the benefit of the public. Other distinctions are: that an office must be created by law, while an employment may be, and frequently is, created by contract; and officers are usually required to take an oath and serve for a definite term; and that the duties of an office are generally continuing and permanent rather than temporary and transitory...."

The case of Mootz v. Belyea, 60 N.D. 741, 236 N.W. 358, 75 A.L.R. 1347, (Supreme Court of North Dakota) holds that a school teacher employed by a common school district is an employee and not an officer and that the relationship between her and the school board is that of contract only.

We quote from 75 A.L.R., pages 1352-3, as follows:

"The courts are almost unanimous in holding that the position of a teacher is that of an employee, resting on the contract of employment, and not that of public officer."

The courts of Texas have repeatedly held that school trustees are public officers of this State. See the following cases:
"Rowan v. King, 94 Tex. 650, 55 SW 123;
Kimbrough v. Barnett, 93 Tex. 301, 55 SW 120;
Lee v. Leonard Ind. School District, 24 SW (2) 449;
Thomas v. Abernathy County line Ind. School Dist., 278 SW 312; 290 SW 152;
Buchanan v. Graham, 81 SW 1237;
Hendricks v. State, 49 SW 705."

We quote from 15 Texas Jurisprudence, page 732, Drainage Districts, Section 13, Drainage Commissioners - Powers in General, as follows:

"The statutes provide for the election of drainage

commissioners, (Art. 8119, R.C.S.) or in lieu
thereof their appointment by the commissioners' court.
(Art. 8118, R.C.S.) Other provisions regulate the
drainage commissioners' terms of office, (Art. 8119,
R.C.S.) their salaries, (Art. 8120, R.C.S.) their oath
of office. (Art. 8121, R.C.S.) official bonds, (Art.
8122, R.C.S.) and their organization." (Parenthetical
insertions of statutes ours)

With reference to your first question you are respectfully
advised that it is the opinion of this department that school
trustees and drainage commissioners are public officers of
this State and are disqualified from acting as judges, clerks
or supervisors of any election in this State.  You are further
respectfully advised that it is the opinion of this department
that school teachers are not public officers and are not
disqualified thereby from acting as judges, clerks or
supervisors of any election in this State and they may
legally serve as election judges, clerks or supervisors if
not otherwise disqualified.  You are further respectfully
advised that it is the opinion of this department that
employees of the various school systems and drainage districts
who are not holders of an office of profit or trust under the
United States or this State, or in any city or town of this
State, and who are not otherwise disqualified by law, may
legally act as judges, clerks or supervisors in elections in
this State.  We feel that you can readily determine whether
or not an employee is a public officer by applying the rules
laid down by the quoted provisions of Texas Jurisprudence,
supra, to the facts in each situation presented to you.

We have carefully read the opinion of this department,
dated May 6, 1932, written by Hon. Bruce W. Bryant, First
Assistant Attorney General, referred to by you, and we find
that same not applicable here because of a different question
involved.

We have read the cases cited by you in your brief relative
to the second question.

The case of Savage v. Umphries, Civ. App. 118 SW 902,
cited by you in your brief, decided April 28, 1909, holds
among other things, that where the law required the appointment
of two judges in a precinct if one was disqualified to act
and there is nothing to show that the other did not act, and
nothing to show that the election was not fairly held in that
precinct the election in that precinct will not be held to be
void because one judge had no right to act.

The case of Gayle v. Alexander (Civ.App.) 75 SW 2d 706,

cited by you in your brief, holds among other things, that although the election officers were disqualified that fact did not render the election void, since statute is directory as regards validity of election, in absence of attempted exercise of influence on electors, or unfairness or fraud, where qualifications of majority of election officers were not challenged.

We quote from the opinion of the court in the case of Gayle v. Alexander, supra, as follows:

"Appellant insists that the provisions of Article 2940 are mandatory; that each of the aforesaid election officers aforesaid was disqualified and prohibited thereby from acting as such; and that the election in each such voting precinct was, by reason of their participation in holding the same, absolutely void. A Mandatory provision in a statute is one, the omission to follow which renders the proceeding to which it relates illegal and void, while a directory provision is one, the observance of which is not necessary to the validity of the proceeding. A statute may be mandatory in some respects and directory in others.... so far as the selection of election officers is concerned, said article might well be deemed mandatory and compliance therewith required when the eligibility of an officer so selected is denied or his right to serve as such assailed by any proper proceeding prior to his actual service... No such situation is presented in this case. But should the provisions of said article in that phase of its application be held mandatory, it does not necessarily follow that when a person named in said article has been selected as an election officer for a particular voting precinct, and his selection has not been assailed but has been acquiesced in by the qualified electors of such precinct by participating in the election held therein, and the votes cast in such precinct have been fairly and correctly counted and tabulated and return thereof duly made, that such election as to said precinct should, solely by reason of the participation of such election officer in holding the same, be declared void, the returns thereof excluded from the canvass of the votes cast in said election in the entire county, and the voters of such precinct thereby in effect disfranchised. (Underscoring ours)

"....We think under the findings of the court hereinbefore recited and the above authorities, that the election in the several voting precincts under consideration was not rendered void by the participation of such disqualified election officers in the holding thereof. So far as the provisions of said article effect the validity of elections in the holding of which disqualified officers

or clerks participated, the same, in the absence of some imputation of attempted exercise of influence upon the electors, or unfairness or fraud, may well be held to have merely a directory effect." (Under scoring ours)

The case of Miller at al v. Tucker, et al, 119 SW 2d 92, decided June 23, 1938, by the Beaumont Court of Civil Appeals, holds that a local option election was not rendered invalid because the mayor of a town in a precinct acted as preciding officer contrary to a statute prohibiting public office holders from acting as election officers, where the election was fairly, and honestly held and no objection was made to the mayor's serving, since the statute was merely directory. This opinion cited and followed the case of Gayle v. Alexander, supra.

In answer to your second question, you are respectfully advised that it is the opinion of this department that Article 2940, Revised Civil Statutes, as amended, is directory in so far as said article affects the validity of elections in the holding of which disqualified officers or clerks participated, in the absence of some imputation of attempted exercise of influence upon the electors, or unfairness or fraud.

We wish to thank you for your able brief in this matter which has aided us greatly in passing upon your question.

Very truly yours

ATTORNEY GENERAL OF TEXAS

S/ Wm. J. Fanning

By

Wm. J. Fanning
Assistant

WJF:AW/cge

APPROVED APRIL 2, 1940
s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee
By BWB, Chairman