EUPHROSYNE L. BOWN
*vs.*
FRANCIS B. DUNNIGAN ET ALS.
(Board of Education of the City of Bridgeport)

Superior Court          Fairfield County          File No. 67136

MEMORANDUM FILED AUGUST 27, 1943.

*Boardman, Stoddard & McCarthy,* of Bridgeport, for the Plaintiff.

*Harry Schwartz,* of Bridgeport, for the Defendants.

CORNELL, J. The hearing discloses that on March 1, 1943, the plaintiff, who had been a teacher in the elementary school system of the City of Bridgeport for a very long period, was on that date principal of Columbus School, which position she had held for a number of years prior thereto. While not specifically so alleged, it is plain from the allegations of the complaint that she regards her status as contractual and claims that such relationship continues existent because the Board of Education failed to notify her prior to the date mentioned of an intention to terminate it, basing this contention upon the provisions of section 142f of the 1941 Supplement to the General Statutes, which provides, *inter alia,* that: "The contract of employment of a teacher shall be renewed for the following school year unless such teacher has been notified prior to March first of that year that such contract will not be renewed." Unquestionably, where it is applicable this statute operates of its own force to continue for the period named therein an employment of a teacher who has not been informed prior to the date therein specified of the intention of the school authority to terminate the relationship. Whether such statute applies to the plaintiff, here, however, in view of the provisions of "An Act Amending the Charter of the City of Bridgeport by Establishing a Civil Service Commission", approved June 5, 1935 (22 Special Laws, p. 261) as explained in *Svihra vs. Samuelson,* 125 Conn. 16, is a question which requires no decision under the instant motion in view of other considerations applicable to the availability of the remedy sought to the cause of action which is alleged. The latter indubitably sounds in contract and the grievance asserted is that the defendant board "....do not intend to renew her contract as a teacher....for the school year commencing September 8, 1943", which must be read to mean that in spite of the fact

that her contract to teach was extended to embrace the school year 1943-1944, the defendants intend to prevent her from performing it in that they have informed her that they have retired her and appointed another to fill- her place.

In this statement of the imputed wrong there is no claim of an interruption of a tenure conferred upon the plaintiff either by virtue of the provisions of section 142f or under the Special Act providing for a system of civil service in the City of Bridgeport mentioned *supra*—but only a presently impending violation of an alleged contract which, too, may not eventuate should the defendant board reverse its position before the commencement of the school year beginning in September, 1943. For a violation of such a right—that is breach of contract—the extraordinary process of injunction may not be extended since there is available to plaintiff an adequate remedy in a suit at law for damages. *Greer vs. Austin*, 40 Okla. 113, 136 Pac. 590, 51 L.R.A. (n.s.) 336. The latter was the course pursued in *Wardell vs. Town of Killingly,* 97 Conn. 423, and in *Wilson vs. East Bridgeport School District*, 36 id. 280.

The same view prevails with respect to the availability of the remedy of mandamus. Where the relation is unaffected, by statutory provisions conferring tenure and is wholly contractual, mandamus may not be resorted to to enforce the right of a teacher to perform her duties under a contract or to impose upon the school authority the obligation of compensating her. It is only where the teacher, by positive provision of law, has a fixed tenure of office, or can be removed only in some prescribed manner and where, consequently, it is the plain ministerial duty of the school board to retain him, that mandamus can be maintained. *Mootz vs. Belyea*, 60 N.D. 741, 236 N.W. 358, 75 A.L.R. 1347. To same effect, see *School City of Elwood vs. State ex rel. Griffin*, 203 Ind. 626, 180 N.E. 471, 81 A.L.R. 1027. As noted *supra* there is no claim in the complaint that any right of the plaintiff's is about to be violated except that a breach of contract will imminently occur. If and when this transpires her remedy, if she is correct in her appraisal of her status, will be plain. No basis for interference by the court by injunction is furnished.

Motion denied.