2011 ND 32

Joseph KALVODA, Melissa Davis, Gerald Prouty and Sandra Broschat, Petitioners and Appellants

v.

BISMARCK PUBLIC SCHOOL DISTRICT # 1, Respondent and Appellee.

No. 20100320.

Supreme Court of North Dakota.

Feb. 8, 2011.

Michael J. Geiermann, Bismarck, N.D., for petitioners and appellants.

Gary R. Thune (argued) and Tiffany L. Johnson (on brief), Bismarck, N.D., for respondent and appellee.

SANDSTROM, Justice.

[¶ 1] Joseph Kalvoda, Melissa Davis, Gerald Prouty, and Sandra Broschat appeal from the district court's amended judgment dismissing their action seeking to compel the Bismarck Public School District to pay them additional compensation. We hold the appellants are currently fulfilling their duties as required by the rules in their contract. Further, the parties' long-standing interpretation of administrative rule GBRB–R reflects the appellants are teaching the normal workload specified in their contracts. Because the teachers are not entitled to additional compensation under this rule, we affirm the district court's judgment dismissing the teachers' complaint.

I

[¶ 2] The Bismarck Public School District ("Bismarck School District") has three high schools. The two "traditional" high schools are Bismarck High School and Century High School, while South Central High School is the district's alternative high school. The appellants were teachers employed by the Bismarck School District and assigned to teach at South Central during the 2009–10 school year. They were also members of the Bismarck Education Association, which had negotiated the standard teaching contract for its members with the Bismarck School District.

[¶ 3] Part of the contract governing the relationship between the Bismarck School District and the teachers is administrative rule GBRB–R. Entitled "Administrator and Teacher Work Day," this rule establishes the daily and weekly teaching time requirements for teachers and is the subject of this dispute. Rule GBRB–R provides in part:

> The teacher work day shall include a normal teaching contact time of 1500 minutes per week. Teaching contact time is defined as time actually assigned to instructional classroom activities.... Senior high school teachers may, in addition to five classes, fulfill the 1500 minute schedule with the assignment of

a "tutorial" period. The tutorial period is to be scheduled by the building administrator in cooperation with teaching staff in such a way as to provide student/teacher contact regarding instructional programs.

. . . .

Each full-time teacher shall be provided a minimum of 250 minutes per week for planning and preparation time.

. . . .

Teachers whose work day is extended beyond the normal work day and secondary teachers who are assigned classes beyond the normal five at the senior high . . . will be reimbursed in accord with the percentage of time the additional duties add to the work day. If classes are added, a prorated amount of preparation time will also be added and reimbursed.

Any teacher who feels that this rule is being violated may report that alleged violation and a review will be performed by a committee consisting of two administrators appointed by the superintendent and two teachers appointed by the BEA president.

[¶ 4] Under the 2009–10 schedule, the teachers at South Central taught in two 150–minute blocks for a total of 300 minutes per day and 1,500 minutes per week. According to the affidavits and exhibits filed in this case, this has been the standard teaching schedule at South Central for some time. The teaching schedule at Bismarck High and Century High reflects that teachers in those schools typically teach five 50–minute classroom periods, with one 50–minute tutorial period and one 50–minute preparation period. The affidavits and exhibits reflect that this has been the schedule in these schools for a number of years. Under rule GBRB–R, the standard teaching schedule used at Bismarck High and Century High totals 300 minutes per day and 1,500 minutes per week because the tutorial period is counted towards the teacher's daily teaching contact time, but the preparation period is not.

[¶ 5] Rule GBRB–R provides that if a teacher at Bismarck High or Century High teaches a sixth period, they are to receive a separate contract reimbursing them "in accord with the percentage of time the additional duties add to the work day." Whether this extra period replaces the tutorial period or the preparation period is an issue in the case. Numerous contracts were entered into evidence that were issued to Bismarck High and Century High teachers for teaching an additional period, but the record here reflects no South Central teacher receiving such a contract.

[¶ 6] Under the teachers' interpretation of rule GBRB–R, the "normal five" period work day adds up to 250 minutes of daily in-class teaching duties at Bismarck High and Century High, while there are 300 minutes of daily in-class instruction at South Central. In response to this interpretation of the rule, the teachers brought a complaint to the Bismarck School District's administration. A committee consisting of two teachers and two administrators was formed to hear the complaint under the terms of the rule. The committee concluded the rule had been violated and the teachers at South Central were entitled to additional compensation. The committee sought to reimburse them for the first semester and then reduce their teaching contact time in the second semester.

[¶ 7] Bismarck School District Superintendent Paul Johnson, Ph.D., disagreed with the committee's findings. In a letter to the Bismarck Education Association president, Dr. Johnson concluded the committee misinterpreted rule GBRB–R. Dr. Johnson noted 1,500 minutes is the standard teaching requirement under the rule,

and explained the teachers at Bismarck High and Century High met this requirement through their five periods of class lecture and one tutorial period. South Central teachers, he noted, fulfilled the requirement through their twice daily 150–minute block classes. Dr. Johnson concluded the teachers were teaching a normal workload under rule GBRB–R and were not entitled to additional compensation. The Bismarck School District proceeded to offer the teachers contracts for 2010–11 with the same terms as their previous contracts.

[¶ 8] The teachers petitioned the district court for a writ of mandamus, seeking an order compelling the Bismarck School District to issue them contracts for 2010–11 with the additional compensation allegedly owed under rule GBRB–R. Finding there was "a basis for Petitioner's claim," the district court issued its alternative writ of mandamus ordering the Bismarck School District to offer the teachers contracts for the 2010–11 school year identical to those already offered, except with "an . . . additional assignment contract for extra compensation for teaching an additional class period. . . ."

[¶ 9] Alternatively, the writ set a hearing date on which the Bismarck School District could show cause why these contract offers had not already been extended. Following this hearing, the district court ordered its earlier writ of mandamus be rescinded. The district court concluded the teachers were not entitled to additional compensation, finding the teachers at each high school were meeting the contractual requirement despite their schedules being structured differently.

[¶ 10] On appeal, the teachers argue that because they are entitled to extra compensation for teaching an additional class period, the district court erred by rescinding its writ of mandamus and dismissing their complaint.

[¶ 11] The district court had jurisdiction under N.D. Const. art. VI, § 8, and N.D.C.C. § 27–05–06. The appeal is timely under N.D.R.App.P. 4(a). This Court has jurisdiction under N.D. Const. art. VI, §§ 2 and 6, and N.D.C.C. §§ 28–27–01, 28–27–02.

## II

[¶ 12] The initial issue in this case is whether or not mandamus relief is a remedy available to the teachers. A district court may issue a writ of mandamus "to any inferior tribunal, corporation, board, or person to compel the performance of an act which the law specially enjoins as a duty resulting from an office, trust, or station. . . ." N.D.C.C. § 32–34–01. A party seeking a writ of mandamus must demonstrate a clear legal right to performance of the acts sought by the writ. *Nagel v. City of Bismarck*, 2004 ND 9, ¶ 11, 673 N.W.2d 267. The party must also have no other plain, speedy, and adequate remedy in the ordinary course of the law. *Id.*

[¶ 13] While the Bismarck School District argues mandamus is not an available remedy in this matter, the teachers contend the District's claim is barred because it was not raised on cross-appeal. The teachers' argument stems from the fact that the district court ruled on the merits of the teachers' petition for writ of mandamus, but not on whether mandamus itself was an available remedy. Because the court tacitly upheld mandamus as an available remedy, the teachers claim the Bismarck School District was required to cross-appeal in order to raise this issue.

[¶ 14] The Bismarck School District argued at the district court that mandamus was not legally available to the teachers. By raising this issue in the dis-

trict court, it is permitted, as the appellee, to argue it again on appeal. "An appellee is entitled on appeal to attempt to save the judgment by urging any ground asserted in the trial court." *Livingood v. Meece,* 477 N.W.2d 183, 188 (N.D.1991). This includes grounds that were rejected by the district court. *Tkach v. American Sportsman, Inc.,* 316 N.W.2d 785, 787 n. 1 (N.D. 1982). A cross-appeal is necessary only if the appellee seeks a more favorable result on appeal than it received in the district court. *Id.* The Bismarck School District simply seeks to have the district court's decision affirmed in this matter. Because the District asks for no greater result and because it raised its unavailability of mandamus argument at the district court, it was not required to file a cross-appeal to raise the issue on appeal.

[¶ 15] We therefore consider the Bismarck School District's argument and decide whether mandamus is an available remedy for the teachers to pursue. The relief the teachers are seeking in this case is to have contracts issued for the 2010–11 school year that include the extra compensation they believe they are owed for teaching extra time under rule GBRB–R. The Bismarck School District argues the teachers have an adequate remedy at law, which necessarily makes mandamus unavailable as a remedy.

[¶ 16] To support its position, the Bismarck School District relies on *Mootz v. Belyea,* 60 N.D. 741, 236 N.W. 358 (1931). In *Mootz,* the appellant entered into a teaching contract to begin work in the upcoming school year. *Id.* at 743, *id.* at 358. Before she began her teaching duties, however, the school board membership changed and the new board decided "that Mary Mootz was not legally hired and she should be notified to that effect. . . ." *Id.* Mootz sought a writ of mandamus compelling the school board to honor its contract. *Id.* This Court rejected Mootz's petition, concluding the proper remedy in her case was to seek contractual damages. *Id.* at 749, *id.* at 361. "All that the teacher is entitled to is [her] salary, and there is an adequate remedy for this at law." *Id.*

[¶ 17] This case stands in stark contrast to *Mootz* because the teachers and the Bismarck School District never entered into a contract for the 2010–11 school year. The teachers were offered contracts for the 2010–11 school year that were rejected as nonconforming to rule GBRB–R. Because they never had a contract for 2010–11, they cannot sue for lost salary, and the contract offer they did receive was allegedly deficient.

[¶ 18] We see no adequate legal remedy for the teachers in this case other than a writ of mandamus. Without a contract, there is no other existing legal remedy they can seek for the 2010–11 school year. Further, the Bismarck School District has given them renewal offers for the 2010–11 school year which they believe do not conform to the rule. We have previously held that mandamus is available when a school district fails to follow the statutory renewal procedures. *See Wenman v. The Center Bd. of Valley City Multi–Dist. Vocational Ctr.,* 471 N.W.2d 461 (N.D.1991); *Coles v. Glenburn Pub. Sch. Dist. No. 26,* 436 N.W.2d 262 (N.D.1989). Similarly, we see no adequate remedy other than a writ of mandamus when a school district refuses to offer a contract that complies with the substantive rules it has negotiated with the teachers' union. We hold that mandamus is the only remedy available in this case for the teachers to compel the issuance of conforming contracts.

### III

[¶ 19] While mandamus relief is available to the teachers in this matter, we

must decide whether their case merits such relief. The teachers argue a writ of mandamus should be issued ordering the Bismarck School District to offer them contracts that include additional compensation consistent with their interpretation of rule GBRB–R.

[¶ 20] The district court initially entered a writ of mandamus as requested by the teachers, but later rescinded the writ following a hearing on the matter. The decision to issue a writ of mandamus is left to the sound discretion of the district court. *Frank v. Traynor*, 1999 ND 183, ¶ 9, 600 N.W.2d 516. This Court will reverse the district court's denial of the writ only if it abused its discretion. *Wutzke v. Hoberg*, 2004 ND 42, ¶ 3, 675 N.W.2d 179. "The trial court abuses its discretion when it acts in an arbitrary, unreasonable, or unconscionable manner." *Id.*

[¶ 21] In its order rescinding its earlier writ of mandamus, the district court stated:

> On this record the Court finds there is a difference in the delivery of the three hundred teaching minutes per day between South Central High School and Bismarck High School and Century High School that has never been negotiated between BEA and BPS resulting in the teachers at South Central High School teaching two one hundred and fifty minute school sessions. Clearly the instruction is structured differently.

We must decide whether the district court abused its discretion in concluding the different instruction at the three high schools was correctly assessed under rule GBRB–R by the Bismarck School District.

[¶ 22] The plain language of rule GBRB–R requires that all teachers under contract must fulfill 1,500 minutes of teaching contact time per week. This time consists of "instructional classroom activities" and is the baseline requirement of all

teachers under contract. While it appears the Bismarck School District drafted rule GBRB–R, it is incorporated as a part of the teachers' contracts, which were bargained for with the Bismarck Education Association.

[¶ 23] The only teachers entitled to the additional compensation sought in this case are those who exceed the 1,500 minute baseline. Specifically, rule GBRB–R authorizes any "secondary teachers who are assigned classes beyond the normal five at the senior high ... will be reimbursed in accord with the percentage of time the additional duties add to the work day." The teachers in this case have interpreted the "normal five" language to mean the baseline teaching requirement is actually five 50–minute periods per day, totaling 1,250 minutes per week. Accordingly, because they teach 1,500 minutes per week, they contend they are entitled to extra compensation under the rule.

[¶ 24] The plain language of a contract governs if it is clear. N.D.C.C. § 9–07–02. We also construe contracts as a whole to give effect to every part if reasonably practicable. N.D.C.C. § 9–07–06. In this case, the plain language of the contract is clear: "The teacher work day shall include a normal teaching contact time of 1500 minutes per week." The teachers admit the teaching schedule at South Central consists of 1,500 minutes of weekly teaching contact time. Under the clear language of rule GBRB–R, the teachers are fulfilling the normal duties they contracted to undertake.

[¶ 25] Further, the rule's language in paragraph 9 referring to the "normal five" class periods is understood when the contract is read as a whole. Teachers at Bismarck High and Century High typically teach five 50–minute classes, but they also have an additional 50–minute tutorial peri-

od which counts as teaching time under the rule. Paragraph 3 states, "Senior high school teachers may, in addition to five classes, fulfill the 1500 minute schedule with the assignment of a 'tutorial' period." When these two paragraphs are read together, as required under N.D.C.C. § 9–07–06, we understand that the "normal five" periods are the typical lecture-style classes a teacher conducts. These five periods are complemented by the tutorial period to add up to 300 minutes of teaching time per day, or 1,500 minutes per week, which is the same amount taught by the teachers at South Central. By looking at the plain language, we are convinced that all of the high school teachers under contract with the Bismarck School District are fulfilling the 1,500 minute weekly requirement. The fact that the South Central teachers are fulfilling these required 1,500 minutes differently than those at Bismarck High and Century High does not mean they are entitled to extra compensation under rule GBRB–R. The district court did not abuse its discretion by finding the South Central teachers were not entitled to additional compensation despite the differences in schedule structure between the schools.

[¶ 26] The teachers argue, however, that when additional lecture periods are added at Bismarck High and Century High, it is the tutorial period that is replaced instead of the preparation period. Even if this were the case, this argument does not support the proposition that the South Central teachers are being underpaid under rule GBRB–R. If a teacher at Bismarck High or Century High has an extra lecture period that replaces the tutorial period, this teacher still has teaching contact time of only 300 minutes per day and 1,500 minutes per week under the language of the rule. If this teacher received any additional compensation for the sixth lecture period in that case, he or she would be overpaid under the terms of the rule. Such an overpayment would not affect South Central teachers fulfilling their contractual obligations. The Bismarck School District stresses that additional lecture periods are added at the expense of the preparation period, necessitating the extra compensation the Bismarck High and Century High teachers receive under the rule. Even if this extra lecture period replaced the tutorial period, however, this argument does not entitle the South Central teachers to additional compensation, because they are currently teaching 1,500 minutes per week as required in their contract.

[¶ 27] Finally, we note that any ambiguity in the rule, which is bargained for as part of the teaching contracts, can be resolved by examining the course of dealing between the teachers and the Bismarck School District. Past course of dealing and usage should be applied when there is ambiguity in a contract. *Mandan Educ. Ass'n v. Mandan Pub. Sch. Dist. No. 1*, 2000 ND 92, ¶ 9, 610 N.W.2d 64. We are required to interpret a contract to give effect to the mutual intention of the parties under N.D.C.C. § 9–07–03, and course of dealing is a strong indicator of what the parties intended. 17A Am.Jur.2d *Contracts* § 354 (2010) ("[P]ractice of the parties under a contract is a consideration of much importance in ascertaining its meaning."). The current version of rule GBRB–R has been in effect since 2000. That no South Central teacher has received an additional contract for extra teaching contact time, or apparently even sought one prior to this action, gives strong guidance as to the mutual interpretation of the parties. The parties' conduct in the past decade reflects a mutual understanding that South Central teachers are fulfilling their normal contractual obligation by teaching 1,500 minutes per week.

Accordingly, no extra reimbursement is warranted.

### IV

[¶ 28] Under the plain language of rule GBRB–R, the South Central teachers are fulfilling the 1,500–minute weekly teaching contact time requirement they bargained for. Additionally, the parties' past course of dealing reflects a mutual understanding that the South Central teachers are fulfilling their normal duties required under the rule. The district court acted reasonably in considering the different schedules and circumstances at the high schools and did not abuse its discretion in rescinding its writ of mandamus. The teachers have established no clear legal right to the remedy they seek. We affirm the district court's judgment.

[¶ 29] GERALD W. VANDE WALLE, C.J., DANIEL J. CROTHERS, MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.