STATE OF NEBRASKA, EX REL. P. T. LEWELLEN ET AL., V. SAMUEL SMITH ET AL.

FILED DECEMBER 2, 1896. No. 8811.

1. **Mandamus:** TITLE TO OFFICE. The title to an office cannot be tried and adjudicated in an action of *mandamus*. (*State v. Plambeck*, 36 Neb., 401.)

2. **Schools and School Districts:** TEACHERS: CONTRACTS. A contract to teach in one of the free schools of the ordinary districts is one of employment. The district, represented by the board, is an employer, and the teacher an employe.

3. ——: ——: OFFICERS. The teacher in such schools is not a public officer.

4. ——: ——: ——. To the state and county superintendents and

the school district boards is by law given the general care and supervision of the free schools of this state.

5. **Mandamus**: SCHOOLS: EMPLOYMENT OF TEACHER. The employment of teachers for the free schools is of the duties cast by law upon the district boards, and the discretion and decision of the officers composing such a district board, as to whom they will employ as a teacher, cannot be controlled by writ of *mandamus* issued at the instance of taxpayers and voters of the district.

ERROR from the district court of Gage county. Tried below before LETTON, J.

The opinion contains a statement of the case.

*L. M. Pemberton* and *S. D. Killen*, for plaintiffs in error:

The board had authority to enter into the written contract to employ H. W. Killen as teacher. He was qualified to teach. The contract is binding on the district. *Mandamus* is the proper remedy. (*Montgomery v. State*, 35 Neb., 655; *Russell v. State*, 13 Neb., 68; *McGuiness v. School District*, 39 Minn., 499; *Place v. Township of Colfax*, 56 Ia., 573; *Farrell v. School District*, 98 Mich., 43; *Tripp v. School District*, 50 Wis., 651; *Hull v. Independent District*, 82 Ia., 686; *Morley v. Power*, 5 Lea [Tenn.], 692; *State v. Dodson*, 21 Neb., 218; *State v. Jaynes*, 19 Neb., 161; *State v. Callahan*, 61 N. W. Rep. [N. Dak.], 1025; *Cleveland v. Amy*, 88 Mich., 374; *Reubelt v. School Town of Noblesville*, 106 Ind., 478; *Gates v. School District*, 14 S. W. Rep. [Ark.], 656; *Caldwell v. School District*, 55 Fed. Rep., 372; *Attorney General v. City of Boston*, 123 Mass., 460; *State v. Wrightson*, 56 N. J. Law, 126.)

Citizens and taxpayers of the district and patrons of the school had the right to bring the action as relators. (*State v. Shropshire*, 4 Neb., 411; *State v. Stearns*, 11 Neb., 106; *State v. City of Kearney*, 25 Neb., 262; *State v. Studheit*, 11 Neb., 360; *Atkinson v. Hutchinson*, 68 Ia., 161; *School District v. Cowee*, 9 Neb., 53; *Frans v. Young*, 30 Neb., 360; *American Water-Works Co. v. State*, 31 Neb., 445.)

*Hazlett & Jack, contra:*

*Mandamus* is not the proper remedy. (*State v. Rising,* 15 Nev., 164; *People v. Hyde Park,* 117 Ill., 462; *Meredith v. Supervisors of County of Sacramento,* 50 Cal., 433; *State v. Plambeck,* 36 Neb., 401; *State v. Palmer,* 10 Neb., 203; *State v. Jaynes,* 19 Neb., 164; *People v. Goetting,* 30 N. E. Rep. [N. Y.], 968; *People v. Stevens,* 5 Hill [N. Y.], 616; *People v. Fletcher,* 2 Scam. [Ill.], 487; *Bonner v. State,* 7 Ga., 473; *People v. Kip,* 4 Cow. [N. Y.], 382; *St. Louis County Court v. Sparks,* 10 Mo., 117; *State v. Thompson, Auditor,* 36 Mo., 70.)

There is an adequate remedy at law. (*Bays v. State,* 6 Neb., 173; *Kennedy v. Board of Education,* 22 Pac. Rep. [Cal.], 1042.)

HARRISON, J.

On August 28, 1896, the relators filed a petition in the district court of Gage county, in which it was alleged that they were residents of the village of Filley, in said county, and voters and taxpayers of school district No. 9, Gage county; that the respondents, Samuel Smith and John F. Kees, were members of the school board of said district,—Smith, the director, and Kees, the moderator,—and that Elijah H. Filley was the treasurer of the district; that on the 27th day of June, 1896, the then moderator and treasurer of the school district entered into a contract with H. W. Killen, a legally authorized school teacher, to teach the school in said district during the ensuing school year; that the date of the commencement of the performance of the contract was fixed, by its terms, of date August 31, 1896; that the director and moderator of respondents had asserted that the teacher, H. W. Killen, could not teach the school or have access to the school building for the purpose of teaching, but one Charles H. Kindig, also made a respondent, with whom the district officers claimed to have made a contract for such purpose, would take charge of the school

during the school year; that such action would deprive H. W. Killen of his rights as teacher under his contract, render the district liable to him in damages by reason of such infringement of his rights, and would also deprive the patrons of the school of his services as teacher. The prayer of the petition was as follows: "Relators therefore pray that a writ or order of *mandamus* may issue commanding said defendants, Samuel Smith and John F. Kees, to open the school-house in said district No. 9 of Gage county, Nebraska, to said H. W. Killen on the said 31st day of August, 1896, or as soon thereafter as possible, and to put. said H. W. Killen in possession of said school-house and in charge of the school therein as teacher and to recognize said Killen as the duly employed teacher of the school in said district and accept him as such and to permit him to teach the school in said district as by said contract he is employed to do, and to grant such other relief to relator as he may justly be entitled to by reason of the premises, and to require the said Charles H. Kindig to permit said H. W. Killen to take possession of said school-house and teach said school as provided in said contract." The respondents answered, and to the answer a reply was filed, and of the issues raised a trial to the court resulted in a dismissal of the cause. The relators present the case here for review by error proceedings.

It was and is contended for relators that the position of teacher is an office, or such a right to a place as to constitute a franchise. If, for the sake of argument, this be conceded, then it further appeared that there was a person other than the one whose right or title to the office or place was asserted by relators, who was occupying it under claim of right of title—a *de facto* incumbent,—and this was not the proper action in which to test the question of title. The title to an office cannot be tried and adjudicated in an action of *mandamus*. (*State v. Plambeck*, 36 Neb., 401; *State v. Jaynes*, 19 Neb., 164; *State v. Palmer*, 10 Neb., 203; *People v. Goetting*, 30 N. E. Rep. [N. Y.],

968; *People v. Harvey*, 62 Cal., 508; *Kelly v. Edwards*, 69 Cal., 460.) The contract to teach in the common or free schools of the grade of the one in the district in which this controversy arose is one of employment, and the relative positions occupied by the district represented by the board and the teacher are those of employer and employe. A teacher in the schools of the ordinary district is not a public officer, nor is his position an office. (*Bays v. State*, 6 Neb., 167; *Heath v. Johnson*, 15 S. E. Rep. [W. Va.], 980.) This being true, for any violation of the rights of a teacher under an existing contract there would be an adequate remedy in an action to recover damages for a breach of the contract, and *mandamus* would not lie.

It will doubtless be remembered that the relators in this case did not include the teacher; but the right to appear and demand that a certain person be allowed to occupy the position of teacher in the school of the district, under an alleged contract to do so, was based on the facts that the relators were residents, voters, and taxpayers of the district, and one of them had children to attend the school. The care and supervision of the free schools of the state is committed by law to a state superintendent, a county superintendent, and the district boards. Of the duties of the last mentioned it is said in section 3, chapter 79, subdivision 5, Compiled Statutes, 1895: "The district board shall have the general care of the school, and shall have power to classify and grade the scholars in their district and cause them to be taught in such schools and departments as they may deem expedient; to provide a course of study, which may include all studies necessary for a first grade certificate; and to make such rules and regulations as they may think necessary for the government and health of the scholars." And in section 11, in subdivision 4, same chapter, the boards, or certain of the members, are given the power and duty of hiring teachers by contract, in writing and with prescribed formalities, and it has been determined: "The district school board is specially invested by statute

with the general care and management of the school and the employment of the teachers, and, as an incident to these powers, has a right to discharge a teacher for incompetence, or for any other sufficient cause, at the will and pleasure of a majority of its members." (*Bays v. State, supra; Vallery v. State,* 42 Neb., 127.) The matter of hiring a teacher for the school, and who should be employed, was committed by law to the judgment and discretion of the district board; and the action of the board or its proper members in regard to hiring a teacher, with whom a contract should be completed, or the question of with whom the board had made a contract, cannot be controlled by *mandamus* issued at the instance of a taxpayer of the district or parties who have children to attend or in attendance upon the school. It follows that the judgment of the district court was right and will be

AFFIRMED.