

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

AUSTIN 11, TEXAS

OVERRULED BY O-7323 insofar as there is conflict.

Honorable Joe C. Gladney
Criminal District Attorney
Henderson, Texas

Dear Sir:

Opinion No. O-4020
Re: Whether or not a superintendent of an independent school district is an "officer" under the terms of Article 159, P.C.; and other related questions.

This is in reply to your request for our opinion as to what crime, if any, certain facts outlined in your letter constitute.

The facts you give are briefly as follows: A superintendent was employed by the school board of an independent school district. This district had one negro school, which had negro teachers. The superintendent collected money from the negro teachers, as follows:

(a) One colored teacher paid the superintendent $15.00 per month. When the first pay day came the superintendent handed said teacher her check, and the superintendent told her she must pay him $15.00 each month which amount he said was his "traveling expenses". We assume from your letter that the teacher believed said statement, but that it was false, and that the teacher accordingly paid the $15.00 to the superintendent each month. We further understand that the money was not "traveling expenses" and that it was appropriated by the superintendent to his own use.

(b) Another colored teacher paid the superintendent $20.00 per month. The superintendent told her that she would have to pay him that amount each month to reimburse him because "he had spent a lot of money around the colored school". We assume from your letter that she believed him and paid said sum each month, but that the statement that "he had spent a lot of money around the colored school" was false.

(c) Another colored teacher paid the superintendent $17.50 per month during the school year. The teacher's salary check each month was $92.50 and the superintendent told her that all of her salary over $75.00 should be paid back to him, and that that

part of her salary was being used "to help get the school standard-
ized". We understand that she relied on said statement and paid
the superintendent that amount each month. We also understand that
said statement in regard to said money being used to get the school
standardized was false.

It is our understanding that in each case the money collected
from the teachers was appropriated by the superintendent to his
own use, and that in the instance of each false statement made by
him he knew it was false when he made it.

You ask two questions, as follows:

1. Is the superintendent of an independent school district an
officer within the meaning of Article 159 of the Penal Code?

2. What offense, if any, is the superintendent in this case guilty
of committing?

We will proceed to answer your first question, which involves
Article 159, P.C. Said Article reads as follows:

> "Any legislative, executive or judicial officer who
> shall accept a bribe or consent to accept a bribe
> under an agreement or with an understanding that his
> act, vote, opinion or judgment shall be done or given
> in any particular manner or upon a particular side of
> any question, cause or proceeding which is or may
> thereafter by law be brought before him, or that he
> shall make any particular nomination, appointment, or
> do any other act or omit to do any act in violation
> of his duty as an officer, shall be confined in the
> penitentiary not less than two nor more than ten years."

The term "legislative, executive or judicial officer", in said
article, is defined in the next article, to-wit, Article 160, Penal
Code, as follows:

> "Under the name of executive, legislative and judicial
> officers are included the governor, lieutenant-governor,
> comptroller, secretary of State, state treasurer, com-
> missioner of the general land office, commissioner of
> agriculture, commissioner of insurance, superintendent
> of public instruction, members of the legislature,
> aldermen of all incorporated cities and towns, judges
> of the supreme, district and county courts and of the
> courts of appeals, attorney general, district and
> county attorneys, justices of the peace, mayors and
> judges of such city courts as may be organized by law,
> county commissioners, school trustees, and all other
> city, county and State officials."

These two articles were construed in the very recent case of
Bigham v. State, (Tex.Ct.Cr.App.) 148 S. W. 2nd 835, in which
the court held that a Deputy Supervisor of the Oil & Gas Depart-
ment of the Railroad Commission was an officer within the mean-
ing of this statute.  However, it was pointed out that this par-
ticular position was created by a statute, to-wit, Article 6031,
R.C.S., and that persons holding said position were referred to
as "officers" in another statute, to-wit Article 1112b, R.C.S.
In discussing the matter further, the court said:

> "We early held in the case of State v. Brooks, 42 Tex. 62,
> that a deputy sheriff was an officer within the contempla-
> tion of the law, and it was again so held in the case of
> Reed v. State, Tex. Cr. App., 149 S.W. 2d 119, decided
> February 5, 1941, not yet reported (in state report).  It
> was also held that an assistant director of the Motor
> Transport Division of the Railroad Commission was either an
> officer or a de facto officer.  Again, we think that Art.
> 6030, supra, providing for the appointment of a deputy
> supervisor and prescribing his duties, gives ample grounds
> for a legal inference that such deputy was an officer in
> contemplation of this statute.  While not a necessary ad-
> junct, nevertheless the fact that a person receives his
> position by appointment is at least persuasive to some extent
> that such position is an office; if he receives such merely
> by employment, the inference might lean toward the fact that
> he was but an employee.

An interesting case from another state, to-wit, the case of
Mootz v. Belyea, 60 N.D. 741, 236 N.W. 358, 75 A.L.R. 1347, holds
that a school teacher is not an officer; and in that case the
court said:

> "...The duty of employing teachers is vested in the school
> board, and this is done by contract.  The relationship is
> purely contractual in this state.  There is no fixed tenure
> of office when a teacher is employed, other than the pro-
> visions set forth in the contract.  In this state the pro-
> fession is not under civil service rules.  When a teacher
> is employed by a school district she is not employed as an
> officer and she does not become an officer.  Her rights are
> measured by the terms of her contract.  As said in Board
> of Education of South Milwaukee v. State ex rel. Reed, 100
> Wis. 455, 76 N.W. 351, 353, the teacher 'was a mere employee,
> and not an officer of the district in question, and had no
> official relations to it.  His services were to be rendered
> in consideration of a certain stipulated compensation.  He
> was not an officer, within the meaning of the constitution
> and laws.'

> "The relationship between the teacher and school directors
> is purely contractual.  Clune v. School District, 166 Wis.

452, 166 N.W. 11, 6 A.L.R. 736; State ex rel. O'Neil v.
Blied et al., 188 Wis. 442, 206 N.W. 213.

"Heath v. Johnson, 36 W. Va. 782, 15 S.E. 980, says: 'The
occupation of a teacher of a free school in this state
is not a public office, but an employment.'

"In State ex. rel. Lewellen et al. v. Smith et al., 49
Ne. 755, 69 N.W. 114, it is said: 'A contract to teach in
one of the free schools of the ordinary districts is one
of employment.  The district, represented by the board, is
an employer, and the teacher an employee.  The teacher in
such schools is not a public officer.'"

In 75 American Law Reports 1352 is an annotation, which says:

"The courts are almost unanimous in holding that the posi-
tion of a teacher is that of employee, resting on the con-
tract of employment, and not that of public officer."

It is our opinion that a superintendent of an independent school
district is not an officer within the meaning of said Article
159, P.C.  Our answer to your first question is "No".

We will now proceed to answer your second question.  We have
examined the statutes, and we have been unable to find that the
acts of the acts of the superintendent, as outlined by you,
constitute any offense, except swindling.  Swindling is defined
in Article 1545, Penal Code, as follows:

"'Swindling' is the acquisition of any personal or movable
property, money or instrument of writing conveying or
securing a valuable right, by means of some false or deceit-
ful pretense or device, or fraudulent representation, with
intent to appropriate the same to the use of the party so
acquiring, or of destroying or impairing the right of the
party justly entitled to the same."

The punishment for swindling is prescribed in Article 1550, Penal
Code, to be the same as the punishment for theft, which is pre-
scribed in Articles 1421 and 1422, Penal Code, and that is,
that if the value of the money or other property acquired is
fifty dollars or over the punishment shall be not less than two
nor more than ten years confinement in the penitentiary, and
that if the value of the property is under fifty dollars and
over five dollars the punishment shall be imprisonment in jail
not exceeding two years and by fine not exceeding five hundred
dollars, or by such imprisonment without fine, and that if the
value of the property is five dollars or under the punishment
shall be by a fine not exceeding two hundred dollars.

The elements of the offense of swindling are stated in the case of McDaniel v. State, 63 Tex. Cr. R. 260, 140 S.W. 232, in which the court said:

> "...In Blum v. State, 20 Tex. App 578, 54 Am. Rep. 530, the court lays down four distinct elements of swindling, all of which must concur, as follows: (1) There must be an intent to defraud: (2) there must be an actual act of fraud committed; (3) false pretenses must have been made by the accused; (4) the fraud must have been accomplished by means of the false pretenses made use of for the purpose.."

See also the case of Noblitt v. State, 103 Tex. Cr. R. 550, 281 S.W. 849.

Of course, a conviction for swindling under the facts outlined above depends upon said facts being proven, and upon the jury, or the judge in the event a jury is waived, finding that said facts are true.

Under the facts outlined above each transaction in which a sum of money was acquired was a separate offense, and in no instance was the sum of money as much as fifty dollars. Therefore, each of the offenses were misdemeanors.

It is our opinion that under the facts stated above the superintendent in question is guilty of several offenses of misdemeanor swindling. We are unable to find that he is guilty of any other offense.

We hope this opinion will be of some value to you in your effort to prosecute the cases in question.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB. 19, 1942

By

GROVER SELLERS

Cecil C. Rotsch
Assistant

FIRST ASSISTANT
ATTORNEY GENERAL

CCR:mp:ml