

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Maxwell Welch
County Attorney
County of Bowie
Boston, Texas

> Opinion No. O-7396
> Re: Eligibility of districts to par-
> ticipate in equalization funds
> where the County Board has oper-
> ated a transportation system on
> a strictly county unit basis and
> has employed and paid teachers
> and principals out of the County
> Board Transportation Fund for
> services rendered under con-
> tracts with the County Board.

Dear Sir:

In your letter of August 17, 1946, you have re-
quested an opinion from this Department relative to the
above subject. Therewith a brief was submitted to the ef-
fect that a previously issued Attorney General's opinion
(O-6797 dated May 16, 1946) is not applicable to a school
transportation system operated on a county unit basis.

The above mentioned opinion was issued in answer
to a specific state of facts involving a one-teacher school
located in a district which operates its own transportation
system and in a county where no county unit system of trans-
portation exists, and it held in substance that under the
provisions of Senate Bill 167, Acts, 49th Legislature,
1945, chapter 361, page 639, a school district would be
ineligible for any type of aid (except tuition) under the
act if it were to pay to a teacher who was also perform-
ing administrative duties an additional salary as a bus
driver. This opinion was based principally upon a pro-
hibition contained in the above cited act.

The question for determination here is whether a
distinction is to be made in the application of the provi-
sions of the act between the operation of a district and

on a county unit basis by the County Board.

Between these two kinds of systems many differences
exist.  In the operation of a transportation system by the
district, the District Board not only contracts with the
teachers for their base salaries and makes additional allow-
ances for their performing administrative duties, but this
Board also employs bus drivers and in many instances owns
the equipment, contracts for repairs and pays the expenses
of operation.  In contrast to this, some particular facts
regarding the operation of a county unit system were pre-
sented in your letter as follows:

"The Bowie County School Board acting under S.B.
167 has set up a county unit system of school trans-
portation for Bowie County, Texas.  Under this system
the County Board employs all drivers, purchases all
equipment, contracts with all private carriers that
are used, contracts for all repairs, employs a trans-
portation manager, designates all routes, designates
all stops, and in fact handles everything that has
to do with school transportation in the county.  All
funds are credited to the County Board Transportation
Fund and all drivers, all bills, and all other trans-
portation costs are paid directly from this fund by
the County Board.

For the purposes hereof the principal difference
between the operation of these two systems as set forth
above is that in the district system, the District Board
makes all contracts and pays all salaries, including those
for the services of bus drivers while in the county unit
system, the employment of bus drivers and the payment of
their salaries is handled independently by the County Board
without regard to the employment of teachers and the making
of additional allowances by the District Board.  In the
light of this difference, the applicable provisions of the
act may be considered.

In Article I, Section 1, paragraph 4, it is pro-
vided:

"No school district will be eligible for any
type of aid, except tuition aid, under the provi-
sions of this Act, which pays any salary above those
specified in this Act from any state, local, or
Federal funds whatsoever except Federal funds, used
to supplement salaries of Vocational Agriculture,
Home Economics and Trade and Industries teachers,
and funds from the Federal Lanham Act. (Emphasis Supplied)

This provision prohibits school districts from receiving aid under the act if salaries above those specified and paid. That this prohibition is directed exclusively to the districts appears not only from the above quoted paragraph but also from an examination of the exceptions to this prohibition contained in the following paragraph 5 where, in regard to the specific question of the employment of teachers as bus drivers, it is provided:

> ". . . further, that teachers who also serve as bus drivers, but who perform no administrative duties, may be paid an additional salary as bus drivers out of any funds of the district derived from a local maintenance tax in excess of the local maintenance tax of Fifty Cents (50¢) on the One Hundred Dollars ($100.00) valuation required to be levied by Section 2 of Article I hereof; provided further, that the additional salary paid for serving as bus driver shall conform to the salary scale paid other bus drivers of the district, and an itemized list of all such supplements shall be furnished the State Department of Education and the Legislative Accountant with the general budget of the district." (Emphasis Supplied)

Thus any doubt that the prohibition is applicable exclusively to districts could be resolved from the exceptions providing that any additional salaries as bus drivers are directed to be paid out of specific funds of the district derived from a specified local maintenance tax and that an itemized list of all supplements for the payment of bus drivers is to be furnished to the State Department of Education with the "general budget of the district."

It will be noted that in both of the above quoted provisions of the Act, the compensation of bus drivers by the District Boards is considered to be "an additional salary" or the payment of a "a salary above those specified", and from these provisions the question is presented as to whether the making of separate contracts, and the separate payment of salaries on the basis thereof, by the County Board is to be construed as the payment by the district of such salaries so as to bring the independent operation of a transportation system by the County Board within the scope of the prohibition and, specifically, to impose the condition that teachers may only be paid additional salaries as bus drivers if they perform no administrative duties.

The separate and independent operation of a transportation system on a county unit basis by the County Board is authorized by the act in question. In Article V thereof,

it is provided as follows:

> "The County Superintendent and County School Boards
> of the several counties of this state subject to
> the approval of the State Superintendent of Public
> Instruction, are hereby authorized to annually set
> up the most economical system of transportation
> possible for the purpose of transporting both grade
> and high school pupils from their districts, and
> within their districts. The county shall be re-
> garded as the unit and the warrant made payable to
> the County Board Transportation Fund, on the total
> transportation earned within the county not to ex-
> ceed the total approved cost thereof; and the
> County Board of Education shall distribute the funds
> equitably to the districts operating such transpor-
> tation system not to exceed the actual approved
> cost of any one (1) bus so operated. . . .
>
> ". . . .
>
> "County Boards of Trustees are hereby authorized to
> employ bus drivers for one year, and the salary of
> no bus driver may be paid out of the County Board
> Transportation Fund created herein unless such bus
> driver is so employed. Provided further, that only
> pupils or persons directly connected with the school
> system shall be transported on school buses while
> in the process of transporting pupils to and from
> the school, and any bus driver violating the fore-
> going provisions shall forfeit his contract and shall
> be immediately discharged by the County Board of
> Trustees. However, subject to the provisions herein,
> bus drivers who own their own buses, and are so em-
> ployed, may be given a contract for not to exceed two
> (2) years, conditioned that said bus drivers agree
> to make improvements on their buses, so as to more
> adequately insure safer transportation for the
> scholastics, and the route of such bus in not changed
> for the second year of the contract."

In these provisions the County Superintendent and
the County School Boards are authorized to set up the most
economical system of transportation, and the warrant for
transportation aid is made payable to the County Board
Transportation Fund. The County Board is directed to dis-
tribute this fund equitably to the districts; however, in
the operation of a county unit system, this distribution is
not made, but the fund is disbursed directly for expenses
and equipment, including the payment of the bus drivers'

salaries.  It is also provided that the County Boards are authorized to employ bus drivers under certain conditions, and it is noteworthy that while conditions are imposed, no reference is made specifically to the employment of teachers as bus drivers.

Comparing the provisions of the Act hereinabove set forth, it appears that it was intended by the prohibition and exception in Section 1 to limit the authority of the District Board to its making only one addition or supplement to a teacher's pay, but there is no reasonable basis for construing this Limitation on the District Board as prohibiting the County Board from making separate and independent contracts with teachers even though they may perform administrative duties.  Indeed, if the prohibition and conditional exception is directed at preventing an abuse of the authority to pay supplemental or additional salaries, then certainly it would not obtain where the authority to employ and pay teachers is separate and distinct from the authority to employ and pay bus drivers.

Some time ago this office issued an opinion construing similar provisions under the 1941 School Aid Bill (Opinion No. 0-4982 dated December 2, 1942), and it seems that the rationale thereof relating to the employment of a teacher as a bus driver is particularly applicable now to the situation where the county employs the bus drivers independently of the contracts made or salaries paid by the District Board.  The following from this opinion is quoted:

> "It is our opinion that the provisions of the rural aid bill, quoted in your letter, would not be violated by such employment for the reason that the money received by the individual as bus driver is of an entirely different character than that received by him as teacher.  In other words, the two employments are separate and distinct, and compensation received for performing under one employment could not be said to increase the compensation received by such individual for performing under the other employment.  It is , therefore, our opinion that the salary received by a teacher under his teacher's contract is not as such supplemented or increased by the compensation received by such person as bus driver.

> "Let us now examine the general law to see if there is any legal inhibition to a person's serving in both capacities.  Section 40 of Article XVI, Constitution of Texas, prohibits the holding of more than one civil office of emolument.  However, a school teacher is an

employee, not a public officer.  Martin v. Fisher, 291 Pac. 276; Mooty v. Belyee, 236 N.W. 358,75 A. L. R. 1347; Leymel v. Johnson, 288 Pac. 859; Clune v. School District, 166 N.W. 11, 6 A. L. R. 736; Heath v. Johnson, 15 S. E. 980; State ex rel. Lewellen v. Smith, 69 N.W. 114; 56 C.J. 382; 37 Tex. Jur. 1035; Opinions No. 0-371, No. 0-4020, No. 0-4669, No. 0-4798. Neither is a bus driver a public officer.  Opinion No. 0-4957.  It follows that the constitutional provision prohibiting double office holding is not applicable and in itself would not prevent one person's holding both the positions under consideration.

"Section 33 of Article XVI, Constitution of Texas, prohibits the accounting officers of this State from drawing or paying a warrant upon the treasury in favor of any person for salary or compensation as agent, officer, or appointee, who holds at the same time any other office or position of honor, trust or profit under this State or the United States, as therein specified.  However, as the State accounting officers neither draw nor pay a warrant upon the treasury in favor of either the school teacher or the bus driver, this section is inapplicable.

"The performance of the duties attached to each of these positions would necessarily take place at different times; that is, the bus driver's duties are performed before the commencement of and after the close of the school day as such.  See Article 2906, Revised Civil Statutes.  There is, therefore, no conflict as to the time of performance of the respective duties, and after an examination of the relative statutes we are unable to discern any inconsistency or incompatibility between the duties of one position and those of the other.

"You are, therefore, advised that a teacher employed by a school district may under the authority of Section 4, Article V of the current rural aid bill be employed as a bus driver by the county board of school trustees and receive compensation out of the County Board Transportation Fund for the performance of such services, provided, of course, the employment is real, and is in no way a subterfuge or means to supplement the salary received by such person as teacher."

All of the foregoing considered, it may be concluded that the separate and independent employment of bus drivers by the County Board and the payment of salaries for such

employment is not, under the provisions of the Act, the payment of an "additional salary" by the District or the payment of a "salary above those specified" and that, therefore, the prohibition against districts paying such salaries would not be violated by the payment of separate salaries by the County Board.

Accordingly, you are advised that it is the opinion of this office that County Boards operating a county unit system of transportation may employ any eligible person as a bus driver even though such person may already be employed as a teacher and receive additional allowances for the performance of administrative duties.

Yours very truly

ATTORNEY GENERAL OF TEXAS


By s/Jackson Littleton
Jackson Littleton
Assistant

JL:jt:wc


APPROVED OCT 7, 1946
s/Harris Toler
FIRST ASSISTANT
ATTORNEY GENERAL

Approved Opinion Committee By s/WVG Chairman